This is an appeal from the denial of a petition for writ of error coram nobis.
Appellant was indicted for murder, found guilty as charged by a jury on June 24, 1982, and sentenced on July 9, 1982, to imprisonment for twenty-five years in the penitentiary. During the trial of the case and through the rendition of the jury verdict, he was represented by retained counsel, Honorable Richard D. Horne. Shortly after the guilty verdict had been returned, appellant terminated the services of Horne and retained Honorable Major Madison to represent him. Madison represented appellant at the sentencing. He also filed a motion for a new trial and represented appellant at the hearing on said motion. At the conclusion of the hearing on the motion for a new trial on July 30, 1982, the trial court denied the motion. Madison had been retained to perfect an appeal for appellant if the motion for a new trial was denied, and immediately upon the denial of the motion, Madison gave proper notice of appeal. No bond being available, appellant commenced serving his sentence on July 30, 1982, and has been in continuous confinement since that date. Because no transcript of the trial was filed in this court within the time provided by law, this court, after receiving a certificate from the circuit clerk stating that appellant was not indigent, the court reporter had not been paid, and that no transcript would be filed, dismissed the appeal on March 20, 1984. Jones v.State, 447 So.2d 871 (Ala.Cr.App. 1984).
Thereafter, appellant filed the instant petition for writ of error coram nobis, contending, among other things, that he was not adequately represented by Horne during the trial of his case, and that Madison had been inadequate for failing to take the necessary measures to perfect a timely appeal to this court. He seeks a new trial or an out of time appeal. After a hearing, the trial court denied the petition, holding that appellant did receive reasonably effective assistance of counsel from Horne, and that appellant's assertions of inadequacy of representation by Madison in failing to perfect an appeal and his request for an out of time appeal were beyond the scope of coram nobis.
Challenges based on the inadequacy of counsel constitute grounds for coram nobis. Peterson v. State, 428 So.2d 201
(Ala.Cr.App. 1983); Summers v. State, 366 So.2d 336
(Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979). The traditional relief available on coram nobis has been expanded to include a belated or out of time appeal where necessary to insure *Page 724 
justice and fairness. Longmire v. State, 443 So.2d 1265 (Ala. 1982); Brown v. State, 460 So.2d 263 (Ala.Cr.App.), cert. denied, 460 So.2d 263 (Ala. 1984); Peterson v. State, supra.
It is clear from the record that appellant desired to appeal his case. He instructed his counsel, Madison, to perfect the appeal, and proper notice of appeal was made. Madison apparently ordered the transcript, but no funds were ever advanced to pay the court reporter to prepare it. The record in this case shows that nine extensions were granted for the preparation of the transcript, running from September 1982 to March 1984. During this period, appellant communicated with Madison orally and by letter numerous times. He constantly urged his counsel to see that the transcript was prepared and filed. He never abandoned his intention to appeal. The record shows that he took some action in federal court to obtain the transcript. He apparently wrote a letter to the clerk of this court on March 19, 1984, the day prior to our dismissal of his appeal, objecting to further extensions of time for preparing the transcript, and asking for permission to proceed in forma pauperis. It appears that when Madison was retained, he was paid $500 and promised an additional $1,000, which never materialized. He was also promised funds to hire an investigator, but none were forthcoming. Appellant's family tried to raise money for him, without success. Appellant was in prison and was without funds. His counsel tried unsuccessfully to "marshal" other assets of appellant. The advanced fee of $500 was obviously used up in counsel's representation at the sentencing and in investigation, preparation, and hearing on the motion for a new trial. There simply was no money to pay for the transcript, and for some reason, appellant's counsel failed to move the court for a finding of indigency and a free transcript. Based upon the record before us, it would have been proper for the trial court to grant such a motion. Counsel made no objections concerning the delay in preparation of the transcript.
The record reflects a failure of communication and misunderstanding between counsel and client. Counsel testified: "He asked me almost every time he wrote me about the transcript and I usually would tell him that I would try to find out what was happening with the transcript and get back with him." Letters written by counsel to appellant are misleading in that they convey the impression that appellant had been declared indigent and would in due time receive a free transcript. In a letter dated June 23, 1983, counsel states as follows:
 "Please find enclosed a copy [of] an extension of time granted to the Court reporter in your case. Because you are on the indigent list and the Court reporter is not being paid for the transcript, it is taking much longer for the transcript to be made available to us."
In a letter dated October 6, 1983, he says:
 "The reason that it is taking so long is because you are asking the State to provide a transcript at the State's expense. I tried to explain to you before that the State is going to do this at their leisure."
It is beyond question that an accused has the right to effective assistance of counsel on direct appeal. Evitts v.Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and cases cited in n. 9. This right applies whether counsel is retained or appointed. The failure of counsel to perfect an appeal, resulting in the foreclosure of state appellate review, is a denial of constitutionally effective counsel. Cantrell v.Alabama, 546 F.2d 652 (5th Cir.), cert. denied, 431 U.S. 959,97 S.Ct. 2687, 53 L.Ed.2d 278 (1977); Malone v. Alabama,514 F.2d 77 (5th Cir.), cert. denied, 423 U.S. 990, 96 S.Ct. 403,46 L.Ed.2d 309 (1975). We find that, through no fault of his own, appellant was denied the right to appeal due to the ineffective assistance of counsel. Counsel undertook to perfect the appeal, and the obtaining of the transcript was a vital part of it. Appellant relied upon the representation of counsel, which was misleading and which resulted in the dismissal of his appeal. Compare Hope v. State, *Page 725 476 So.2d 635 (Ala.Cr.App.), cert. denied, 476 So.2d 635 (1985).
For the above reasons, we grant appellant an out of time appeal and appoint Honorable Stephen K. Orso, his appointed attorney on appeal in the instant coram nobis proceeding, as appellate counsel. The order of this court dated March 20, 1984, dismissing Jones's appeal is hereby set aside. We note that the court reporter's transcript of the original trial is included in the record of the coram nobis proceeding now before us; however, the clerk's record pertaining to the original trial is not included. The clerk of the circuit court is ordered to prepare the clerk's record of the original trial and forward it to this court. It is further ordered that the time for filing briefs shall begin to run from the date of the certificate of completion of the clerk's record by the clerk of the circuit court.
The judgment of the trial court in this coram nobis proceeding is reversed and appellant is granted an out of time appeal.
REVERSED; OUT OF TIME APPEAL GRANTED.
All Judges concur.