BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of error coram nobis.
In Hall v. State, 495 So.2d 717 (Ala.Cr.App.1986), this Court ordered that the appellant was entitled to an evidentiary hearing on his petition for writ of error coram nobis. In that opinion, we noted, among other things, that the appellant alleged “that appointed counsel ‘refused to appeal the actions as the Petitioner requested him to do.’ ” 495 So.2d at 718.
On remand, the appellant was afforded an evidentiary hearing and his petition was again denied. Once again that denial constitutes reversible error.
The record shows that the appellant was convicted of related assaults in the first and second degrees in 1982. Hall v. State, 476 So.2d 1249 (Ala.Cr.App.1985) (habeas corpus). Those convictions were not appealed.
At the evidentiary hearing the appellant testified that he informed his appointed trial counsel, David Flack, that he wanted to appeal, and an appeal was never had.
The record clearly supports a finding that the appellant was denied his constitutional right of appeal. From the record:
“[THE COURT]: And the only thing I can see that he didn’t do would be to appeal. You did not file an appeal did you?
“MR. FLACK: No, I did not.
“THE COURT: Because at the time you didn’t think it was meritorious.
“MR. FLACK: Well I would have to go on record saying that I did discuss appeal with him when I went up — made a special trip up to prison and at that time I did not think about him withdrawing his plea or stating that but that he would ... I didn’t tell him about the appeal, about his rights of appeal, and — ”
Where a defendant informs his court-appointed counsel of his desire to appeal, but, through no fault of his own, an appeal is never taken, the defendant is entitled to an appeal of his conviction. Longmire v. State, 443 So.2d 1265, 1269 (Ala.1982). In the event that a transcript of the appellant’s 1982 conviction proceedings cannot be had or cannot be re-created under the various provisions of Rule 10, Alabama Rules of Appellate Procedure, the appellant must be afforded a new trial. Ex parte Steen, 431 So.2d 1385 (Ala.1983); Pope v. State, 345 So.2d 1385 (Ala.), on remand, 345 So.2d 1388 (Ala.Cr.App.1976), cert, dismissed, 345 So.2d 1390 (Ala.1977); Harris v. State [Ms. 1 Div. 695, January 27,1987] (Ala.Cr.App.1987).
The judgment of the circuit court is reversed and this cause is remanded.
REVERSED AND REMANDED.
All the Judges concur.