The trial court denied the petitioner's writ of error coram nobis seeking permission to file an "out of time" appeal or, in the alternative, a motion for a new trial. He argues that the trial court and his attorney denied him the right to appeal despite his request to do so. He further argues that he filed a timely motion for an "out of time" appeal, but that the circuit clerk held the motion for twelve days before it was filed.
The petitioner contends, as grounds for his appeal, that theIreland form which he signed did not advise him of his right to confront his accusers and also argues that he was incorrectly sentenced under the Habitual Felony Offender Act because only two of his three prior convictions were brought to the trial court's attention so that he was sentenced to ten years' imprisonment whereas he should have been sentenced to fifteen years' imprisonment at a minimum. The appellant also argues that his guilty plea was not knowingly or voluntarily given.
The trial court denied the writ, stating that the issues presented had been previously presented and addressed by the court. The trial court further noted that it had no jurisdiction to grant a direct appeal or to consider a motion for new trial. However, the trial court stated that it had again reviewed the appellant's motion and found that the allegations were without merit.
The appellant claims, in his petition, that he requested his counsel to appeal his conviction but that he failed to do so. The appellant claims that he sent a letter to his attorney on April 1, 1986, requesting that the appeal be filed within the time required by law and, he argues that because this was not done he was denied effective assistance of counsel. The appellant is entitled to an evidentiary hearing on this ground. "Where a defendant informs his court-appointed counsel of his desire to appeal, but, through no fault of his own, an appeal is never taken, the defendant is entitled to an appeal of his conviction. Longmire v. State, 443 So.2d 1265, 1269 *Page 45 
(Ala. 1982)" Hall v. State, 515 So.2d 134 (Ala.Cr.App. 1987). Therefore this cause is remanded with directions that the appellant be afforded the evidentiary hearing to which he is entitled under the facts of this case.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND