This is an appeal from the dismissal of a Rule 32, A.R.Crim.P., petition. Hugh Walter Teat originally pleaded guilty to the offenses of robbery in the second degree and assault in the first degree, and he was sentenced to life imprisonment on each plea. Teat appealed his convictions to this court, and his appeal was dismissed without an opinion on December 28, 1990. No application for rehearing was made.
On April 15, 1991, Teat filed a Rule 32, A.R.Crim.P., petition with the Circuit Court of St. Clair County attacking his two guilty plea convictions alleging that he received ineffective assistance of counsel because his attorney failed to interview witnesses and to investigate his alibi defense. There is no indication in the record that the State responded to Teat's allegations. The Circuit Court dismissed the petition stating that it was precluded from hearing these matters because they could have been, but were not, asserted on direct appeal.
This cause must be remanded to the circuit court. Because the record does not show whether the State responded to Teat's allegations in his petition, " 'the unrefuted facts set out by the petitioner must be taken as true." ' Chaverst v. State,517 So.2d 643, 644 (Ala.Crim.App. 1987), quoting Ex parte Floyd,457 So.2d 961, 962 (Ala. 1984). Hall v. State, 495 So.2d 717,718 (Ala.Crim.App. 1986). Because the petition is meritorious on its face, this cause must be remanded to the circuit court for an evidentiary hearing. Chaverst; Rivers *Page 816 v. State, 583 So.2d 1368 (Ala.Crim.App. 1991).
This cause is remanded to the circuit court with instructions that counsel be appointed to represent this appellant and that a full evidentiary hearing be conducted on the merits of the allegations made in his petition. Following this hearing, a transcript of the hearing and the written findings of the trial court shall be made and filed with this court within 90 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.