BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1990 guilty plea conviction for the unlawful possession of cocaine. The circuit court dismissed the petition on the grounds that “the petition is not sufficiently specific and does not state grounds which would authorize relief. No purpose would be served by further pro-ceedings_” R. 18.
I.
The petitioner’s first two allegations are without merit. Counsel was not ineffective in failing to challenge the indictment because the indictment tracks the language of § 13A-12-211 in alleging the “unlawful” distribution of cocaine and is not fatally defective because it did not allege that the offense was “knowingly” committed. Ex parte Harper, 594 So.2d 1181 (Ala.1991). The allegation that the indictment omitted an element of the offense is without merit, Harper, supra, and does not constitute “newly discovered evidence.”
II.
The petitioner alleges that his attorney failed to file a notice of appeal as requested. This allegation is “meritorious on its face.” Moore v. State, 502 So.2d 819, 820 (Ala.1986). “Where a defendant informs his court-appointed counsel of his desire to appeal, but, through no fault of his own, an appeal is never taken, the defendant is entitled to an appeal of his conviction. Longmire v. State, 443 So.2d 1265, 1269 (Ala.1982).” Hall v. State, 515 So.2d 134, 135 (Ala.Cr.App.1987). The merits of this allegation were not addressed by the district attorney in his motion for summary dismissal. Consequently, those allegations must be accepted as true. Ex parte Floyd, 457 So.2d 961, 962 (Ala.1984).
Therefore, the judgment of the circuit court dismissing the petition for post-conviction relief is reversed. This cause is remanded for an evidentiary hearing or such other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.