On September 14, 1994, the appellant, Elbert James Cole, pleaded guilty to rape in the first degree and burglary in the first degree and was sentenced to 15 years' imprisonment on each charge, those sentences to be served concurrently. He subsequently filed a motion to withdraw his guilty plea, which this Court found to be untimely. This Court thereafter affirmed the appellant's conviction in an unpublished memorandum.Cole v. State, 683 So.2d 61 (Ala.Cr.App. 1995). On November 9, 1995, the appellant filed a petition under Rule 32, Ala. R. Cr. P., citing as grounds for relief an involuntary guilty plea, ineffective assistance of counsel, and lack of jurisdiction. The State responded, stating, in pertinent part, that the petition was precluded because it stated the same grounds as those raised or addressed on appeal. The State further asserted that the petition was successive because, it argued, it contained the same or similar grounds as the appellant's motion to withdraw his plea. The trial court summarily denied the petition, on the aforementioned grounds alleged by the State.
 I.
The appellant contends that his counsel was ineffective because, he says, counsel refused to subpoena witnesses in the appellant's *Page 538 
behalf, even though those witnesses would have been beneficial to his defense. This claim is precluded, for the following reasons: (1) it could have been raised by new counsel appointed for the appellant's direct appeal; (2) it is not the same claim that the appellant presented in his brief to the trial court; and (3) the appellant failed to state his claim with the specificity required by Rule 32.6, Ala. R. Crim. P., in that he did not include the names of any of his desired witnesses or indicate any facts to which these witnesses could have testified.
If the trial court's ruling is correct for any reason, its judgment is due to be affirmed on appeal. Bighames v. State,440 So.2d 1231 (Ala.Cr.App. 1983). Here, the basis for the trial court's denial was procedural, although on other grounds. Therefore, the trial court's denial of this claim was proper.
 II.
The appellant contends that the trial court was without jurisdiction to render a judgment or to impose a sentence. However, in his brief to this Court, the appellant states no factual basis for this claim.[1] Rule 32.6(b), Ala. R. Crim. P., requires full disclosure of the factual basis of the grounds for relief. Because the appellant failed to state a claim based on lack of jurisdiction with the required specificity, the trial court's summary denial of his claim, although on other procedural grounds, was proper. Therefore, it is due to be affirmed on appeal. Bighames v. State, supra.
 III.
The appellant contends that his guilty plea was involuntary for the following reasons: (1) it was, he says, clearly shown in the sentencing colloquy that he was pleading guilty with the understanding that he would receive good time; however, this plea agreement was "bogus" because his convictions were for Class A felonies; and (2) he was, he says, induced into pleading guilty because his attorney and the district attorney promised him good time.
The State has asked this Court to remand the appellant's case for consideration of the merits of the appellant's claim that his guilty plea was involuntary. The State notes that the trial court apparently denied this claim believing it had previously been considered. However, in its affirmance of the appellant's conviction, this Court stated that, due to the untimeliness of the appellant's motion to withdraw his plea, the trial court had not had an opportunity to rule on the appellant's claim that his plea was involuntary.
In Cantu v. State, 660 So.2d 1026 (Ala. 1994), the Alabama Supreme Court, on rehearing, stated that a defect in a guilty plea may be challenged under Rule 32 if the challenge is brought within the limitations period of the rule. The appellant's Rule 32 petition was timely filed. Therefore, this cause is due to be remanded to the trial court, in order for the court to address the appellant's claim that his plea was involuntary and to enter specific findings of fact. On remand, the trial court may conduct an evidentiary hearing or take such other action as it deems necessary for a proper determination of this claim. A return should be filed with this Court within 45 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.
[1] The appellant states that his argument in the trial court was that "[t]he court was without good time jurisdiction, or to include good time in plea agreement." The copy of the Rule 32 petition which appears in the record on appeal is largely illegible.