On Return to Remand

McMillan, judge.
This cause was remanded in order for the trial court to address the appellant’s claim that his guilty plea was involuntary and to enter specific findings of fact. 686 So.2d 537 (Ala.Crim.App.1996). The court has now filed its return, which shows, in pertinent part, the following:
On May 5, 1996, the trial court conducted an evidentiary hearing. After considering the evidence adduced at the hearing, the sentencing colloquy, and the plea agreement, the court entered the following findings: (1) that the appellant’s contention that the sentencing colloquy clearly showed that he would receive good time, was wholly unsupported by the facts; there was, in fact, no reference in the sentencing colloquy to good time; (2) that the appellant’s contention that he was induced into pleading guilty because his attorney and the district attorney promised him good time was without merit. The statements made by the appellant’s attorney and the assistant district attorney touched on the subject of good time credit but fell short of any representation or promise that the appellant would receive good time. In addition, this claim was refuted by the written plea agreement and the appellant’s colloquy, both of which reflected that nothing outside the items contained in the plea agreement were promised to the appellant.
Based on the record, the appellant’s guilty plea was voluntary. Therefore, the trial court’s summary denial of his Rule 32, Ala. R.Cr.P., petition is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.