BROWN, Judge.
The appellant, James Pitts, appeals from the trial court’s summary denial of his peti *241 tion for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1987 conviction for robbery in the first degree. He was sentenced, as a habitual felony offender, to life imprisonment without parole. On direct appeal, this Court affirmed the trial court’s judgment without an opinion on March 17,1989. The Alabama Supreme Court dismissed the appellant’s petition for certiorari review on June 23, 1989.
The record shows that on September 5, 1989, the appellant filed a Rule 20 petition, Ala.R.Crim.P.Temp. (now Rule 32), claiming ineffective assistance of counsel. On October 27, 1989, the circuit court dismissed the petition, stating that it was not sufficiently specific, that it failed to state a claim, and that no material issue of fact or law existed that would entitle him to relief. This Court affirmed the trial court’s ruling on January 22, 1991.
The record also shows that, on September 1, 1994, the appellant filed a second Rule 32 petition. Again, the appellant alleged ineffective assistance of counsel. (C. 9.) The trial court denied the petition on November 3,1994, without an evidentiary hearing. The appellant did not appeal this ruling by the trial court; therefore, we have no indication as to whether the petition was adjudicated on its merits.
In the current petition, the appellant alleges that newly discovered evidence exists, which, he says, warrants a new trial. Specifically, he claims that his conviction was obtained by the use of perjured testimony.
The state moved to dismiss the petition by checking the following boxes, on what appears to be a preprinted form:
“Defendant’s petition is due to be dismissed because said petition is a second or successive petition on the same or similar grounds on behalf of the same petitioner. “Defendant’s petition is due to be dismissed because said petition is a second or successive petition alleging a new ground or grounds that were known or could have been ascertained through reasonable diligence when the first petition was heard and failure to entertain this petition will not result in a miscarriage of justice.
“Defendant’s petition is due to be dismissed because it is not meritorious on its face and fails to state a claim for which relief can be given.
“Defendant’s petition is due to be dismissed because said petition was not filed within the allowable period of limitation as set out in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.
“Defendant’s petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.”
(C. 21-22.)
The circuit court subsequently denied the petition without an evidentiary hearing in the following order:
“This matter is before the Court on PETITION FOR RELIEF FROM CONVICTION OR SENTENCE pursuant to Rule 32, Alabama Rules of Criminal Procedure. The District Attorney has filed a MOTION FOR SUMMARY DISMISSAL.
“It appears that this is a second or successive petition filed by the Petitioner on the same or similar grounds. Accordingly, the same is dismissed.”
(C. 24.)
The appellant contends that the trial court erred in summarily dismissing his Rule 32 petition. Specifically, he appears to argue that the trial court could not dismiss his petition as “successive” because, he says, his previous petitions were not considered on the merits. The appellant claims that he presented sufficient facts which if true, entitle him to relief; therefore, he argues, the trial court erred in denying his petition without an evidentiary hearing.
We find that the state failed to meet its burden with regard to its assertion that the appellant’s petition was successive. This Court, in Rolling v. State, 673 So.2d 812 (Ala.Cr.App.1995), held that in order for a petition to be procedurally barred as successive, the prior petition must have been adjudicated on its merits.
Because it appears that the state’s response to the petition did not specifically address the grounds the appellant alleged, *242 we must conclude that this petition is meritorious on its face. See Teat v. State, 589 So.2d 815 (Ala.Cr.App.1991); Ex parte Boat-wright, 471 So.2d 1257 (Ala.1985)
Therefore, we remand this case for the circuit court to make specific findings of fact relating to the issue raised by the appellant. Before conducting an evidentiary hearing, the trial court may require a response from the state in compliance with Rule 32.3, Ala.R.Crim.P. However, “in the event that the circuit judge has personal knowledge of the actual facts underlying the appellant’s allegations, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.” Nathan v. State, 689 So.2d 933, 934 (Ala.Cr.App.1995). The trial court shall take all necessary action to ensure that the circuit clerk makes due return at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur.

 Note from the reporter of decisions: On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.