BROWN, Judge.
The appellant, Leroy Hill, appeals from the circuit court’s denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his 1995 guilty-plea conviction for murder. The appellant did not appeal from his conviction.
On August 13, 1997, the appellant filed the Rule 32 petition that is the subject of this appeal. On the preprinted portion of the petition, under the heading “Grounds of Petition,” the appellant claimed that he was entitled to relief because, he said, (1) his guilty plea was not entered voluntarily; (2) he was denied the effective assistance of trial counsel; and (3) the trial court was without jurisdiction to accept his guilty plea or to impose the sentence. With regard to his first two allegations, the appellant claimed that his guilty plea was involuntary because, he said, his trial counsel convinced him to plead guilty against his wishes, and that his trial counsel was ineffective because, he said, counsel convinced him to plead guilty to murder. In support of these contentions, the appellant argued that because the trial court granted defense counsel’s motion to suppress certain evidence, i.e., a gun found at the appellant’s residence, the most serious offense that the appellant could have been convicted of, had he gone to trial, was manslaughter. In support of his remaining claim, the appellant argued that the trial court did not have jurisdiction to sentence him to 15 years’ imprisonment because the maximum sentence for manslaughter, he claimed, is 10 years.[1] The trial court appointed counsel to represent the appellant at the Rule 32 proceedings.
The trial court held an evidentiary hearing on the appellant’s Rule 32 petition on November 1, 1997. At that hearing, the appellant reiterated his claim that, once the trial court granted defense counsel’s motion to suppress the gun, the most the appellant could have been convicted of was manslaughter; thus, he said,, his guilty plea to the offense of murder was not entered voluntari *257 ly. The appellant also asserted that because, he said, the maximum sentence he could receive for a manslaughter conviction is 10 years’ imprisonment, the trial court was without jurisdiction to sentence him to 15 years’ imprisonment. On cross-examination, the appellant admitted that he signed a waiver of rights form, which included a waiver of a trial by jury, and that he participated in a guilty-plea colloquy with the trial court in which he stated that he wished to plead guilty.
The appellant’s trial counsel testified that he had thoroughly explained to the appellant the consequences of pleading guilty to murder. Trial counsel further testified that he had informed the appellant that he negotiated an offer of 15 years’ imprisonment from the prosecution, in exchange for the appellant’s guilty plea. Although the minimum sentence for a murder conviction in which a firearm is used is 20 years,[2] the appellant’s trial counsel successfully secured an agreement from the prosecution to suppress the gun found at the appellant’s residence, thus reducing the possible minimum sentence to 15 years’ imprisonment. The appellant’s trial counsel testified that he told the appellant that the suppression of the weapon was for the sole purpose of allowing the appellant to plead guilty to murder, while avoiding the mandatory minimum sentence of 20 years’ imprisonment for a conviction for murder in which a firearm is used.
Following the evidentiary hearing, the circuit court denied the appellant’s petition by the following written order:
“THIS CAUSE, having come before the Court upon the Defendant’s Petition for Relief from Conviction or Sentence (pursuant to Rule 32, Alabama Rules of Criminal Procedure), and the same having been considered by the Court, it is
“ORDERED, ADJUDGED, and DECREED that the Defendant’s petition is hereby denied.”
(C.R. 41.) The circuit court did not issue specific findings of fact relating to the material issues of fact presented at the evidentia-ry hearing.
Rule 82.9(d), Ala. R. Crim. P., requires that if an evidentiary hearing is conducted on a Rule 32 petition, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” (Emphasis added.) The attorney general asks this Court to remand this cause to the circuit court so that the trial judge can make formal, written findings as to each material issue of fact presented at the evidentiary hearing.
“Although we recognize that the trial courts of this state labor under a heavy caseload, and that requiring the trial court to prepare an order addressing each of the material allegations presented in the Rule 32 evidentiary hearing only adds to this already heavy burden, we must nonetheless remand this cause to the trial court, with instructions that it enter specific findings of fact ‘relating to each material issue of fact presented.’ Rule 32.9(d), Ala. R.Crim.P. (Emphasis added.) See also, Ex parte Walker, 652 So.2d 198 (Ala.1994); Smith v. State, 665 So.2d 954 (Ala.Cr.App.1994); Kolmetz v. State, 649 So.2d 1342 (Ala.Cr.App.1994). As we have stated, ‘[a] statement of the basis of the trial court’s decision is essential to afford the appellant due process.’ Owens v. State, 666 So.2d 31, 32 (Ala.Cr.App.1994).”
Anglin v. State, [Ms. CR-95-1362 October 17, 1997], — So.2d-,-(Ala.Cr.App. 1997).
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 49 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

. We note that, contrary to the appellant's assertion, the range of punishment for a conviction for manslaughter is imprisonment for "not more than 20 years or less than 2 years.” §§ 13A-6-3(b), and 13A-5-6(a)(2), Ala. Code 1975.

. Section 13A-5-6(a)(4), Code of Alabama 1975.

 Note from the reporter of decisions: On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.