On August 6, 1997, Cedric Roman Pugh pleaded guilty to first-degree robbery and was sentenced to 20 years' imprisonment. He did not file a direct appeal, but did file a Rule 32, Ala. R. Crim. P., petition for post-conviction relief. He now appeals from the trial court's dismissal of that petition.
 I.
Pugh argues that the trial court erred in summarily dismissing his Rule 32 petition without holding an evidentiary hearing and making specific findings of fact.
 A.
In his petition before the trial court, Pugh asserted that his trial counsel was ineffective because (1) counsel, he says, failed to consult with him, to keep him informed, and to investigate all avenues of defense; (2) counsel, he says, failed to file discovery motions seeking Brady materials; (3) counsel, he says, did not object to the State's failure to notify him of its intent to enhance his sentence under the Habitual Felony Offender Act ("the HFOA"); and (4) counsel, he says, did not object to the trial court's failure to hold a sentencing hearing.
To prevail on his claim of ineffective assistance of counsel, Pugh must prove (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance.Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). In the context of guilty plea proceedings, a petitioner must show that but for counsel's errors, he would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203 (1985). Rule 32.6(b), Ala. R. Crim. P., provides that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Pugh's petition did not contain a clear and specific statement of the grounds relied on. Therefore, this series of claims of ineffective assistance of counsel must fail.
 B.
Pugh also argues "that this guilty plea was involuntary by reason of ineffective assistance of counsel because his court appointed attorney had misinformed him that if he pleaded guilty he would be eligible for good time and wouldn't have to do more than (65) months." (C.29).
Because the State did not refute this allegation, we must accept Pugh's averment as true. Teat v. State, 589 So.2d 815
(Ala.Cr.App. 1991). And if true, this allegation presents a valid ineffective-assistance-of-counsel claim, and Pugh could be entitled to relief. Thus, the trial court erred in summarily *Page 361 
dismissing this claim. Hill v. State, 716 So.2d 256
(Ala.Cr.App. 1996); Cole v. State, 686 So.2d 537
(Ala.Cr.App. 1996); Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985).
This cause is remanded to the circuit court, in order for the court to address the appellant's claim that his plea was involuntary, based on the alleged ineffectiveness of counsel. In lieu of an evidentiary hearing, the trial court may take evidence in the manner provided in Rule 32.9, Ala.R.Crim.P. The trial court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
 C.
Pugh also claimed that the trial court lacked the jurisdiction to impose the sentence because, he says, he was not informed that the State intended to seek to enhance his sentence under the HFOA and because there was no sentencing hearing. Even assuming that the State did not give the proper notification that it was invoking the HFOA, the record does not indicate that Pugh's sentence was in fact enhanced. Therefore, this issue is irrelevant. Moreover, the notice requirement for sentence enhancement is procedural, not jurisdictional; therefore, the failure to object waives the issue of failure to properly notify.Nichols v. State, 629 So.2d 51 (Ala.Cr.App. 1993). Because this issue is nonjurisdictional and could have been raised at trial or on direct appeal, this claim is procedurally barred pursuant to Rules 32.2(a)(3) and (a)(5), Ala. R. Crim. P.
 II.
Pugh also argues that, without fault on his part and despite his specific request to do so, his counsel failed to perfect an appeal.
 "I notified Counsel by phone after my conviction that I wanted to appeal my conviction or withdraw by guilty plea. I spoke to him briefly about my inducement for pleading guilty, and he assured me that he would file the necessary papers. Furthermore, after talking with my wife, she contacted his office also."
(R. 40.)
"Appeal to this court has been [held] to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State,682 So.2d 501, 502 (Ala.Cr.App. 1996). See also, Ex parte Dunn,514 So.2d 1300 (Ala. 1987). Because the State did not refute this allegation, we must accept Pugh's averment as true. Teat v.State, supra. Accordingly, because Pugh presented an allegation that, if true, entitles him to relief, the trial court erred in summarily dismissing this claim. Ex parte Boatwright, supra.
On remand, the trial court is to hold a hearing on the appellant's allegations of ineffective assistance of counsel regarding counsel's alleged failure to perfect an appeal. In lieu of an evidentiary hearing, the trial court may take evidence in the manner provided in Rule 32.9, Ala. R. Crim. P. The trial court should make specific findings of fact as required by Rule 32.9(d), Ala. R. Crim. P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals, affirmed, without opinion. *Page 362