COBB, Judge.
Derick Brown appeals the denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. On October 13, 1998, Brown pleaded guilty to one count of attempted murder and one count of robbery in the first degree, violations of §§ 13A-4-2 and 13A-8-41, Ala.Code 1975. Brown was sentenced to 15 years’ imprisonment on each count; both sentences were to run concurrently. Brown did not file a direct appeal. On April 8, 1999, Brown filed the underlying petition for postconviction relief, and on February 4, 2000, the trial court summarily denied Brown’s Rule 32 petition.
On appeal, Brown contends that the trial court erred in summarily dismissing his Rule 32 petition without first conducting an evidentiary hearing to determine whether Brown’s counsel was ineffective. Brown alleges in his petition and on appeal that he received ineffective assistance of trial counsel because, he says, his trial counsel told him that he would receive “good-time” credit on his 15-year sentence.
“Because the State did not refute this allegation, we must accept [Brown’s] averment as true. Teat v. State, 589 So.2d 815 (Aa.Cr.App.1991). And if true, this allegation presents a valid ineffective-assistance-of-counsel claim, and [Brown] could be entitled to relief. Thus, the trial court erred in summarily dismissing this claim. Hill v. State, 716 So.2d 256 (Aa.Cr.App.1998); Cole v. State, 686 So.2d 537 (Aa.Cr.App.1996); Ex parte Boaturright, 471 So.2d 1257 (Aa.1985).”
Pugh v. State, 729 So.2d 359, 360-61 (Aa. Cr.App.1998) (Pugh obtained relief by arguing “ ‘that this guilty plea was involuntary by reason of ineffective assistance of counsel because his court appointed attorney had misinformed him that if he pleaded guilty he would be eligible for good time and wouldn’t have to do no more than (65) months.’ ” 729 So.2d at 360.).
This cause is remanded to the circuit court, in order for the court to address the appellant’s claim that his plea was involuntary, based on the alleged ineffectiveness of counsel. In lieu of an evidentiary hearing, the trial court may take evidence in the manner provided in Rule 32.9, Aa. R.Crim.P. The trial court should make specific findings of fact as required by Rule 32.9(d), Aa.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 70 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

 Note from the reporter of decisions: On August 24, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.