786 So.2d 1143 (2000)
James D. LANE
v.
STATE.
CR-99-0779.
Court of Criminal Appeals of Alabama.
May 26, 2000.
Opinion on Return to Remand December 1, 2000.
*1144 James D. Lane, pro se, for appellant.
Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for appellee.
COBB, Judge.
James D. Lane appeals from the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged the revocation of his probation on November 18, 1998. According to our records, Lane filed a notice of appeal of his probation revocation on November 18, 1998. His appeal was dismissed on April 20, 1999, pursuant to a motion filed by his counsel.
In Lane's August 24, 1999, petition for postconviction relief, and the two subsequent amendments to that petition, he alleges, among other things, that his counsel was ineffective for not pursuing the appeal of his probation revocation. Lane argues that his appellate counsel did not file a brief on appeal, but rather moved to dismiss the direct appeal without informing Lane or obtaining his permission to dismiss the appeal. On December 31, 1999, without a response from the State, the circuit court summarily dismissed Lane's petition, stating:
"The Court has considered defendant's petition and finds that no material issue of fact or law exists which would entitle petitioner to relief under this rule and that no purpose would be served by further proceedings hereunder. Accordingly, the petition is dismissed."
(C. 1.) This appeal follows.
On appeal, Lane argues that the circuit court erred in summarily dismissing his petition without an evidentiary hearing. He argues that the issue whether appellate counsel was ineffective for failing to pursue a direct appeal, but instead moving for a dismissal of the appeal without informing his client and without receiving permission to do so, was sufficiently pleaded and was meritorious on its face. Thus, Lane argues, he should have been entitled to an evidentiary hearing on that issue. We agree.
To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, *1145 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, we find that Lane's allegation of ineffective assistance of his appellate counsel was sufficiently detailed so as to meet the requisite burden of proof. Because the State did not refute this allegation, we must accept Lane's allegation as true. Pugh v. State, 729 So.2d 359, 361 (Ala. Crim.App.1998).
"Appeal to this court has been [held] to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State 682 So.2d 501, 502 (Ala.Crim.App.1996). In this case, failure to file a timely brief on appeal, and instead filing a motion to dismiss the appeal without first informing the client, is tantamount to a failure to perfect an appeal after being requested to do so.[1] See Bedwell v. State, 710 So.2d 493 (Ala.Crim.App. 1997). Accordingly, because Lane presented an allegation which, if true, would entitle him to relief, the trial court erred in summarily dismissing this claim. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985).
We must remand this case to the circuit court for that court to hold an evidentiary hearing on Lane's allegation of ineffective assistance of appellate counsel, specifically counsel's allegedly unilateral decision to dismiss the direct appeal without first informing his client. The circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P., and the return to remand shall contain a transcript of any proceedings. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN and FRY concur; BASCHAB, J., recuses herself.

On Return To Remand
COBB, Judge.
James D. Lane filed a Rule 32, Ala. R.Crim.P., petition for postconviction relief, claiming that his appellate counsel was ineffective for not pursuing a direct appeal from the revocation of his probation. Lane argued in his petition that his appellate counsel did not file a brief on appeal, but rather moved to dismiss the direct appeal without informing Lane that he was doing so or obtaining his permission to dismiss the appeal.[1] It appears from the record that Lane desired to appeal his case. Upon receipt of Lane's Rule 32 petition, the circuit court summarily dismissed the petition, without a response from the State, stating that "no material issue of fact or law exists which would entitle petitioner to relief." Lane v. State, 786 So.2d 1143, 1144 (Ala.Crim.App.2000).
"The failure of counsel to perfect an appeal, resulting in the foreclosure of *1146 state appellate review, is a denial of constitutionally effective counsel." Jones v. State, 495 So.2d 722, 724 (Ala.Crim.App. 1986). "Challenges based on the inadequacy of counsel constitute grounds for [Rule 32 relief].... The traditional relief available on [Rule 32] has been expanded to include a belated or out of time appeal where necessary to insure justice and fairness." Jones, 495 So.2d at 723-24. On May 26, 2000, this Court unanimously[2] remanded Lane's case to the Baldwin Circuit Court with directions for that court to hold an evidentiary hearing on Lane's allegation of ineffective assistance of appellate counsel, specifically on counsel's allegedly unilateral decision to move to dismiss the direct appeal without first informing Lane. In our opinion on direct appeal we stated:
"`Appeal to this court has been [held] to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel.' In this case, failure to file a timely brief on appeal, and instead filing a motion to dismiss the appeal without first informing the client, is tantamount to failure to perfect an appeal after being requested to do so. Accordingly, because Lane presented an allegation which, if true, would entitle him to relief, the trial court erred in summarily dismissing this claim."
Lane, 786 So.2d at 1145 (citations and footnote omitted).
The circuit court submitted the following written order on return to remand:
"This case came before the Court on July 18, 2000, on remand from Alabama Court of Criminal Appeals, regarding defendant's allegations of ineffective assistance of appellate counsel.
"Defendant's appellate counsel testified that by mistake and inadvertence he had dismissed the appeal.
"The Court then allowed additional evidence to be presented, to-wit: the probation officer stated that he had never advised defendant that he would be released from probation when he had paid all of his court ordered monies.
"Whereupon the Court reaffirmed the revocation of probation in this case."
The only authority granted to the trial court on remand was to determine whether Lane's appellate counsel had been ineffective because of appellate counsel's alleged unilateral decision to move to dismiss the direct appeal. "`On remand, the issues decided by an appellate court become the law of the case, and the trial court's duty is to comply with the directions given by the reviewing court.'" Simmons v. State, [Ms. CR-97-0768, Sept. 17, 1999] ___ So.2d ___ (Ala.Crim.App. 2000) (quoting Ellis v. State, 705 So.2d 843, 847 (Ala.Cr.App.1996)).
The circuit court's order on remand states that "appellate counsel testified that by mistake and inadvertence he had dismissed the appeal." Order on Return to Remand. Thus, Lane's contention that appellate counsel was ineffective in failing to appeal the denial of Lane's probation is confirmed.
The trial court's summary denial of Lane's Rule 32, Ala.R.Crim.P., petition is hereby reversed and the trial court is directed to grant the appellant an out-of-time appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
LONG, P.J., and McMILLAN and FRY, JJ., concur; BASCHAB, J., recuses herself.
NOTES
[1] The State asks this court to review its own records and to take judicial notice of appellate counsel's motion to dismiss, citing Ex parte Salter, 520 So.2d 213 (Ala.Crim.App. 1987). After reviewing the record, we note that, before properly filing the docketing statement and the reporter's transcript order, appellate counsel had received a final deficiency notice for his failure to file those documents. Also, the day before appellate counsel filed the motion to dismiss, this court had served a deficiency notice on appellate counsel for his failure to file a timely appellate brief.
[1] The notice of appeal was filed, and appellate counsel was sent a final deficiency notice regarding his failure to file a docketing statement and the reporter's transcript order. "Also, the day before appellate counsel filed the motion to dismiss, this court had served a deficiency notice on appellate counsel for his failure to file a timely appellate brief." Lane v. State, 786 So.2d 1143 (Ala.Crim.App.2000). On April 20, 1999, Lane's direct appeal was dismissed on motion filed by his appellate counsel.
[2] Judge Baschab recused herself.