The appellant, Victor Robinson, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 1995 conviction for *Page 883 
murder, a violation of § 13A-6-2, Ala. Code 1975. Robinson was sentenced as an habitual felony offender to life imprisonment. This Court affirmed Robinson's conviction on direct appeal, by an unpublished memorandum. Robinson v. State, (No.CR-95-0190, September 27, 1996),689 So.2d 1010 (Ala.Crim.App. 1996) (table). This court issued its certificate of judgment on October 15, 1996.
Robinson filed his Rule 32 petition on October 22, 2001. In his petition, he argued (1) that the circuit court was without jurisdiction to render a judgement or to impose sentence because the jury venire and the petit jury were not sworn before voir dire examination and before hearing evidence; and (2) that newly discovered evidence existed that required his sentence be reconsidered by the circuit court. On December 20, 2001, the circuit court summarily dismissed Robinson's Rule 32 petition, stating:
 "This court specifically finds that [Robinson's] claim regarding the swearing in of the petit jury in his Rule 32 petition . . . is precluded pursuant to Rule 32.2(a)(3) and (4). [Robinson] could have raised this claim at trial or in his previous Rule 32 petition but failed to do so. In regards to [Robinson's] second claim of newly discovered evidence, this Court specifically finds that [that] claim is denied pursuant to Rule 32.3, Ala.R.Crim.P., which requires [that Robinson] plead and prove by a preponderance of evidence the facts necessary to entitle him to relief. Andersch v. State, 716 So.2d 242
(Ala.Crim.App. 1997). This court finds the bare-boned allegations made in regards to a new bill further amending § 13A-5-9 of the Code of Alabama to be insufficient. This Court finds no caselaw or statute to support [Robinson's] claim that the amendment is to be applied retroactively."
This appeal followed.
 I.
Robinson first contends that the circuit court was without jurisdiction to render a judgment or to impose sentence because, he claims, neither the jury venire nor the petit jury was sworn prior to voir dire examination and trial. In Fortner v. State, 825 So.2d 876, 880
(Ala.Crim.App. 2001), this Court held that "a petitioner's claim that the jury venire, or the petit jury, was not properly sworn is not jurisdictional and is waivable." We subsequently refined this holding inBrooks v. State, [Ms. CR-00-1892, March 1, 2002] ___ So.2d ___ (Ala.Crim.App. 2002), to recognize that a claim that the trial court failed to administer the oath to either the jury venire or the petit jury is non-jurisdictional; however, a claim that the trial court failed to administer the oath to both the jury venire and the petit jury is jurisdictional. ___ So.2d at ___. Based on the decision in Brooks, we conclude that Robinson's claim that the trial court failed to administer the oath to both the jury venire and the petit jury is a jurisdictional claim. Therefore, because jurisdictional claims are exempt from the procedural bar of Rule 32, the circuit court should have addressed the merits of this claim.
The fact that the circuit court did not address the merits of this claim does not, however, mandate reversal of the trial court's order. We have reviewed the record of Robinson's direct appeal, see Hull v. State,607 So.2d 369, 371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records), and we conclude that Robinson's assertion that neither the venire nor the petit jury was sworn is incorrect. Indeed, at page 17 of Robinson's trial transcript, the court reporter noted: "A jury venire was struck and placed in *Page 884 
the jury box and administered the oath of service." Thus, Robinson's claim is without merit, and the trial court did not err in denying relief based on this claim.
 II.
Robinson next contends that newly discovered evidence exists that requires that his sentence be reconsidered by the trial court. This Court has held that, for a new trial to be granted, premised upon "newly discovered evidence", that evidence must "have been in existence, though not known, at the time of the original trial." See Smitherman v. State,521 So.2d 1050, 1055 (Ala.Crim.App. 1987).
Robinson's claim of "newly discovered evidence" is premised on the recent amendment to § 13A-5-9, which provided, in pertinent part:
 "The provisions of Section 13A-5-9 of the Code of Alabama 1975, shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each non-violent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
Act No. 2001-977, Ala.Acts 2001.
The amendment of § 13A-5-9 was effective December 1, 2001. The circuit court issued its ruling on December 20, 2001. Contrary to the trial court's order, the 2001 amendment to § 13A-5-9 was in effect at the time of the court's order, and it provides support for Robinson's claim. However, Robinson is not yet eligible for a discretionary review of his sentence. The 2001 amendment specifies that the retroactive application be "based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the [trial] court." Act No. 2001-977, Ala.Acts 2001. Executive Order No. 62 gives the Department of Corrections until June 1, 2002, to develop a procedure for evaluating nonviolent offenders possibly affected by the amendment and to submit the proposed evaluation process to the attorney general and to the Alabama Sentencing Commission for comment and thereafter to submit the final proposed process to the Governor for approval.
Because this procedure has not yet been implemented, pursuant to Executive Order No. 62, the trial court is without authority to reconsider Robinson's sentence. Thus, the trial court did not err in denying relief based on this claim.
Although the circuit court dismissed Robinson's claims for reasons other than the ones discussed above, the court's ruling is due to be affirmed. See Cole v. State, 686 So.2d 537, 538 (Ala.Crim.App. 1996) (if the circuit court's ruling is correct for any reason, its judgment is due to be affirmed on appeal). Accordingly, the trial court did not err in summarily dismissing Robinson's petition. The judgment of the trial court is therefore affirmed.
AFFIRMED.
McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result. *Page 885