The appellant, Daniel Deron Johnson, was convicted of manslaughter, a violation of § 13A-6-3, Ala. Code 1975. On September 7, 2000, the trial court sentenced him to 25 years' imprisonment. On October 10, 2000, Johnson's appellate counsel filed a motion for a judgment of acquittal or, in the alternative, a motion for a new trial.[1] That same day, Johnson also filed a motion seeking recusal of the circuit court judge. The circuit court conducted a hearing on Johnson's motions on December 14, 2000. At the conclusion of the hearing, the court denied Johnson's motions. Johnson, through his appellate counsel, attempted to appeal his conviction; however, on February 5, 2001, this Court dismissed his appeal as untimely. See Hull v. State, 607 So.2d 369, 371
(Ala.Crim.App. 1992) (this Court may take judicial notice of its own records).
On September 28, 2001, Johnson filed a motion for postconviction relief, pursuant to Rule 32, Ala.R.Crim.P., in which he alleged that his failure to timely appeal his conviction was through no fault of his own. Based on this allegation, Johnson requested that the circuit court grant him an out-of-time appeal. On April 30, 2002, the circuit court entered an order denying Johnson's petition. This appeal followed. *Page 283 
Johnson argues that the circuit court erred in refusing to grant him an out-of-time appeal. The State concedes that Johnson is entitled to an out-of-time appeal, based on his appellate counsel's failure to timely perfect an appeal.
"Appeal to this court has been [held] to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State, 682 So.2d 501, 502
(Ala.Crim.App. 1996). Accordingly, because Johnson presented an allegation that the State concedes is true and that would entitle him to relief, the circuit court erred in summarily denying his claim. See Exparte Boatwright, 471 So.2d 1257 (Ala. 1985). As we stated in Lane v.State, 786 So.2d 1143 (Ala.Crim.App. 2000):
 "`The failure of counsel to perfect an appeal, resulting in the foreclosure of state appellate review, is a denial of constitutionally effective counsel.' Jones v. State, 495 So.2d 722, 724
(Ala.Crim.App. 1986). `Challenges based on the inadequacy of counsel constitute grounds for [Rule 32 relief]. . . . The traditional relief available on [Rule 32] has been expanded to include a belated or out of time appeal where necessary to insure justice and fairness.' Jones, 495 So.2d at 723-24."
786 So.2d at 1145-46.
Based on the foregoing, we reverse the circuit court's judgment and remand this cause to the circuit court with instructions that it grant Johnson leave to file an out-of-time appeal. We note that the circuit court should also determine whether Johnson is indigent and thus, entitled to appointed counsel.[2] See Wright v. State, 845 So.2d 836,840 (Ala.Crim.App. 2002) (opinion on return to remand).
REVERSED AND REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
[1] Because the last day for filing this motion was Saturday October 7, and because Monday October 9 was a state and federal holiday, Johnson's motion was timely filed. See Rule 1.3(a), Ala.R.Crim.P.
[2] At the time of his trial and unsuccessful attempt to appeal, Johnson does not appear to have been indigent. However, based on the motion to proceed in forma pauperis Johnson filed in conjunction with his Rule 32 petition, it appears that his financial status has changed. See, e.g., Malone v. State, 687 So.2d 218, 219 (Ala.Crim.App. 1996) (holding that the petitioner was indigent based on the balance of his prison fund in the months preceding the filing of his Rule 32 petition). However, this is a matter that should first be determined by the circuit court.