BASCHAB, Judge.
On October 30, 1996, the appellant, Lowery Dale Wilson, pled guilty to second-degree promoting prison contraband. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison. See § 13A-5-9(b)(l), Ala.Code 1975. It then suspended his sentence and placed him on supervised probation for three years. The appellant alleges that, on February 10, 2000, his probation officer arrested him without a warrant. On March 9, 2000, the circuit court revoked his probation, and he did not appeal the revocation of his probation. On April 9, 2002, the appellant filed a Rule 32 petition, challenging the revocation of his probation. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.
The appellant argues that the circuit court did not have jurisdiction to revoke his probation because “[t]he process for revoking [his] probation had not begun before [the] probationary period expired.” (C.R.14.) He also argues that he did not appeal the revocation of his probation through no fault of his own.[1] Specifically, he contends that he told his attorney to appeal the revocation, but that his attorney did not file an appeal. The State did not properly address the specific claims the appellant raises. Therefore, it did not refute those claims. Further, in its order dismissing the petition, the circuit court did not properly address the specific claims the appellant raises. Although the State and the circuit court make refer- *581 enees to an extension of the terms of the appellant’s probationary period, neither specifically asserts, and the record does not establish, that his probationary period was extended. Also, neither the State nor the circuit court refutes the appellant’s allegation that he told his attorney to appeal the revocation of his probation and that his attorney refused to do so. Therefore, the appellant’s claims that the circuit court did not have jurisdiction to revoke his probation and that he did not appeal the revocation of his probation through no fault of his own appear to be meritorious.
Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact concerning the appellant’s specific claims. On remand, the circuit court may require the State to respond specifically to the appellant’s contentions and/or may conduct an evidentiary hearing. The circuit court may also grant any relief it deems appropriate. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J„ and COBB, SHAW, and WISE, JJ., concur.

On Return to Remand

BASCHAB, Judge.
On October 30,1996, the appellant, Lowery Dale Wilson, pled guilty to second-degree promoting prison contraband. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison. See § 13A-5-9(b)(l), Ala.Code 1975. It then suspended his sentence and placed him on supervised probation for three years. The appellant alleges that, on February 10, 2000, his probation officer arrested him without a warrant. On March 9, 2000, the circuit court revoked his probation, and he did not appeal the revocation of his probation. On April 9, 2002, the appellant filed a Rule 32 petition, challenging the revocation of his probation. After the State responded, the circuit court summarily dismissed his petition, and he appealed to this court.
On October 25, 2002, we remanded this ease to the circuit court with instructions that that court make specific, written findings of fact concerning the appellant’s claims that the circuit court did not have jurisdiction to revoke his probation and that he did not appeal the revocation of his probation through no fault of his own. See Wilson v. State, 855 So.2d 579 (Ala.Crim.App.2002). On November 21, 2002, the circuit court submitted its order on return to remand. In that order, the circuit court addressed the appellant’s claim that the circuit court did not have jurisdiction to revoke his probation. However, it did not address his contention that he did not appeal the revocation of his probation through no fault of his own. Therefore, on December 6, 2002, we remanded this case to the circuit court by order with instructions that that court make specific, written findings of fact as to the appellant’s argument that he did not appeal the revocation of his probation through no fault of his own. On January 24, 2003, the circuit court submitted its second order on return to remand.
In his petition, the appellant specifically alleged that he requested that his attorney file a notice of appeal and that the attorney did not do so. The State has *582 not refuted those specific allegations. At most, the State submitted an affidavit from the appellant’s attorney, stating, “I did not, at any time, tell [the appellant] that he could not appeal.” (Second Return to Remand, Exhibit E.) Further, in its second order on return to remand, the circuit court did not refute the appellant’s specific allegations that he requested that his attorney file a notice of appeal and that the attorney did not do so. Rather, the circuit court merely stated it had “advised the defendant of his right to appeal on two separate occasions, and the defendant’s attorney by affidavit never told the defendant that he could not appeal.” (Second Return to Remand.) Because the appellant’s allegations that he requested that his attorney file a notice of appeal and that the attorney did do so have not been refuted, those allegations must be taken as true. See Menefee v. State, 594 So.2d 251 (Ala.Crim.App.1992).
“ ‘Where a defendant informs his court-appointed counsel of his desire to appeal, but, through no fault of his own, an appeal is never taken, the defendant is entitled to an appeal of his conviction. Longmire v. State, 443 So.2d 1265, 1269 (Ala.1982).’ Hall v. State, 515 So.2d 134, 135 (Ala.Cr.App.1987).”
Id. at 251. Therefore, the appellant is entitled to an out-of-time appeal. Accordingly, we reverse the circuit court’s judgment and remand this case with instructions that that court grant the appellant leave to file an out-of-time appeal from the revocation of his probation. See Johnson v. State, 848 So.2d 282 (Ala.Crim.App.2002).
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellant raises other arguments in his brief to this court. However, we pretermit discussion of those arguments at this time.