On July 28, 1982, the appellant, John Michael Wilson, was convicted of first-degree rape, and the trial court sentenced him to serve a term of life in prison. We affirmed his conviction on direct appeal. See Wilson v. State,428 So.2d 197 (Ala.Crim.App. 1983). On or about January 20, 2005, the appellant filed a Rule 32 petition, which the circuit court summarily denied. On September 22, 2005, the appellant filed the present Rule 32 petition, seeking an out-of-time appeal from the denial of his previous petition. After the State responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he did not appeal the denial of his previous petition through no fault of his own. Specifically, he contends that the circuit court denied that petition on March 15, 2005, and that he did not learn that that petition had been denied until August 17, 2005.[1] The State concedes that the appellant is entitled to an out-of-time appeal from the denial of the previous Rule 32 petition.
Rule 4(b)(1), Ala. R.App. P., requires that a notice of appeal in a criminal case be filed within 42 days after pronouncement of sentence. "In the context of post-conviction relief, the 42-day appeal period runs from the date of the [circuit] court's denial of the Rule 32 petition." Ex parteJones, 773 So.2d 989, 989 (Ala. 1998) (citing Barfieldv. State, 703 So.2d 1011 (Ala.Crim.App. 1997)).
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that: *Page 805 
 ". . . .
 "(f) The petitioner failed to appeal within the prescribed time . . . from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part."
Rule 32.1, Ala. R.Crim. P.
The record indicates that the circuit court denied the appellant's previous petition on March 15, 2005. However, the appellant alleges that he did not learn that his previous petition had been denied until August 17, 2005 — after the time for filing a notice of appeal had expired. Because the State did not refute this allegation, it must be taken as true.See Menefee v. State, 594 So.2d 251
(Ala.Crim.App. 1992). Furthermore, our record from the petition for a writ of mandamus in case number CR-04-2215 supports the appellant's allegations. Finally, the appellant filed his petition within six months after he learned about the denial of his previous petition, as required by Rule 32.2(c), Ala. R.Crim. P. Therefore, he is entitled to an out-of-time appeal. Accordingly, we reverse the circuit court's judgment and remand this case with instructions that that court grant the appellant leave to file an out-of-time appeal from the denial of his previous Rule 32 petition. See Johnson v. State,848 So.2d 282 (Ala.Crim.App. 2002).
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] On or about July 26, 2005, the appellant filed a petition for a writ of mandamus in this court. (CR-04-2215.) In that petition, he asserted that he had filed a Rule 32 petition in the Mobile Circuit Court in January 2005; asserted that the circuit court had not "timely issue[d] an order, action, or judgement concerning said Rule 32"; and requested that we direct the circuit court "to order the state to respond to said Rule 32 petition, or, otherwise issue a judgement or order so that, if need be, an appeal can be perfected to this court should an adverse decision be entered." (Mandamus petition.) On August 17, 2005, this court denied the petition for a writ of mandamus because circuit court records indicated that the appellant's Rule 32 petition had been denied on March 15, 2005.
 *Page 334