461 So.2d 1339 (1984)
Ex parte State.
(Re: Lynn D. WILLIAMS v. STATE).
83-1338.
Supreme Court of Alabama.
December 21, 1984.
Charles A. Graddick, Atty. Gen. and J. Callen Sparrow, Asst. Atty. Gen., for petitioner.
Robert S. Milner, Wetumpka, for respondent.
EMBRY, Justice.
By denial of this petition, we are not to be understood as approving the language of the Court of Criminal Appeals' opinion, 461 So.2d 1335.
WRIT DENIED.
FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur specially.
TORBERT, Chief Justice (concurring specially).
I concur in the denial of the writ; however, I want to express my concern over the reliance by the Court of Criminal Appeals on the case of Barker v. State, 437 *1340 So.2d 1375 (Ala.Cr.App.1983), a factually similar case.
Williams alleged in his petition to the Court of Criminal Appeals that there was insufficient evidence for the disciplinary board to find him guilty as charged, that he was denied the right to confront and cross-examine the witnesses against him, and that he was denied the right to a fair and impartial hearing board. The Court of Criminal Appeals was correct in stating that since the State did not file an answer or return denying the allegations of fact in the petition, the facts as set out in the petition must be taken as true. Ex parte Floyd, [Ms.1984] 457 So.2d 961 (Ala.1984), and Vaughan v. State, 415 So.2d 1231 (Ala. Cr.App.1982). The Court of Criminal Appeals then remanded the case to the trial court with instructions that the appellant be given an evidentiary hearing on his petition of writ of habeas corpus. I agree with this result.
I disagree with the Court of Criminal Appeals in its holding that the evidence that the substance was marijuana fell short of constituting "substantial evidence" of guilt as required by Barker, supra.
In Barker, the officer stated that, in his opinion, the substance was marijuana. The Court of Criminal Appeals held that scientific evidence was not necessary but, rather, that "evidence that the arresting officer was qualified from study, experience, or observation to identify marijuana would have been sufficient" to prove that the substance was marijuana. 437 So.2d at 1377. The court went on to restate what constitutes substantial evidence in disciplinary proceedings: "It means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)." Id.
In the present case, the arresting officer stated that when he looked under Williams's mattress he found "an ashtray with folded paper inside which contained some seeds and a green leafy substance" that appeared to be marijuana. The Court of Criminal Appeals held that the statement that the substance "appeared to be marijuana" falls short of constituting substantial evidence of guilt. I see no difference in allowing the officer in the present case to say that the substance appeared to be marijuana and the officer in Barker saying that, in his opinion, the substance was marijuana.
MADDOX, Justice (concurring specially).
I concur in the result, because the Court of Criminal Appeals concluded that "the trial court erred in summarily granting the State's motion to dismiss the petition without a hearing." The Court directed the trial court to hold a hearing on the inmate's petition for writ of habeas corpus. I concur in the holding made by the Court of Criminal Appeals directing a hearing on the petition, but do not necessarily agree with portions of the court's opinion which I believe addressed the merits of the petition.