Graves has filed a pro se brief appealing the court's denial without a hearing of his petition for writ of error coram nobis. It appears that the appellant pleaded guilty. The petition, supported by affidavit, contends that petitioner was misinformed by his counsel, in that counsel informed petitioner that he would receive a sentence of life without parole if he was found guilty and had not pleaded guilty. He also makes some allegations that his counsel failed to interview the victim in the case, and that such would have disclosed that the automobile in question was loaned to him. These allegations are supported by affidavit and so present issues with respect to effective assistance of counsel, which require a hearing. SeeStephens v. State, 420 So.2d 826 (Ala.Cr.App. 1982). If the asserted matters are true, the petitioner is, or may be, entitled to relief; he should have been afforded a hearing on the merits. Kennedy v. State, 409 So.2d 1010 (Ala.Cr.App. 1982); Ellison v. State, 406 So.2d 439 (Ala.Cr.App. 1981);Henry v. State, 387 So.2d 328 (Ala.Cr.App. 1980).
This cause is remanded to the circuit court with directions that an evidentiary hearing be held at which the defendant is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND