This is an appeal from the denial of a pro se petition for writ of error coram nobis. The appellant alleges that his appointed trial counsel, David Flack, represented to him that if he pleaded guilty to charges of assault in the first degree and assault in the second degree he would "definitely" receive a concurrent sentence of five years' imprisonment in each case pursuant to a plea bargain agreement with the District Attorney. The appellant alleges that this agreement was violated because he received consecutive sentences of nine years' and five years' imprisonment. Attached to the coram nobis petition are the corroborating affidavits of the appellant's mother and sister. The appellant alleges that his 1982 guilty plea was not voluntarily and intelligently made and that appointed counsel was negligent and ineffective. The petition also alleges that appointed counsel "refused to appeal the actions as the Petitioner requested him to do."
The State filed no response and the petition was summarily denied without an evidentiary hearing. This was improper.
The petition is meritorious and requires an evidentiary hearing. Ex parte Boat-wright, 471 So.2d 1257 (Ala. 1985);Ellison v. State, 406 So.2d 439 (Ala.Cr.App. 1981). "[S]ince the State did not file an answer or return denying the allegations of fact in the petition, the facts as set out in the petition must be taken as true." Williams v. State,461 So.2d 1339 (Ala. 1984) (Torbert, C.J., concurring specially). "[T]he unrefuted facts set out by the petitioner must be taken as true." Ex parte Floyd, 457 So.2d 961, 962 (Ala. 1984).
For these reasons, the judgment of the circuit court is reversed and this cause is remanded with the direction that the appellant be afforded the evidentiary hearing to which he is entitled under the facts of this case.
REVERSED AND REMANDED.
All Judges concur.