TAYLOR, Judge.
This is an appeal from the denial without a hearing of a pro se petition for writ of error coram nobis. Petitioner alleges, among other things, that he was denied effective assistance of counsel. This is a ground which, if correctly set out, ordinarily warrants a hearing. He claims that he was entitled to an evidentiary hearing and to appointed counsel to represent him at such hearing. The state, in its brief, concedes that petitioner is entitled to a hearing. There was no response of any kind filed in circuit court contradicting the allegations set out in the petition. When the state fails to file an answer or return denying the allegations of fact in a petition, then the facts as set out in the petition must be taken as true. Ex parte State (Re: Williams v. State), 461 So.2d 1339, 1340 (Ala.1984) (Torbert, C.J., concurring specially); Hall v. State, 495 So.2d 717 (Ala.Cr.App.1986). . “[T]he unrefuted facts set out by the petitioner must be taken as *820 true.” Ex parte Floyd, 457 So.2d 961, 962 (Ala.1984). If the allegations are true, the petitioner may be entitled to relief; he certainly is entitled to a hearing on the merits. Graves v. State, 496 So.2d 94 (Ala.Cr.App. 1985); Kennedy v. State, 409 So.2d 1010 (Ala.Cr.App.1982); Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981).
The judgment of the circuit court is reversed and this cause is remanded with directions that an evidentiary hearing be held at which the appellant is present. We leave the determination of whether to appoint counsel to the trial court.
REVERSED AND REMANDED.
All the Judges concur.