The appellant was convicted of the fraudulent use of credit cards and was sentenced to 15 years' imprisonment and ordered to pay $500 in restitution. He filed a Rule 20, Temp.Ala.R.Cr.P. petition, claiming that the trial court incorrectly admitted evidence of his prior convictions at his sentencing hearing, because the State failed to give notice of its intention to proceed under the Habitual Felony Offender Act. As a second ground, he alleged that his trial counsel failed to investigate the prior convictions to determine whether the pleas were voluntarily, knowingly, and intelligently entered and he was represented by counsel when he entered his pleas. Before any response was filed by the prosecutor, the trial court entered a lengthy order denying the Rule 20 petition. The appellant argues here that the trial court erred by denying his petition without an evidentiary hearing, because the prosecutor did not file an answer or response denying his allegations. He cites Reeves v. State,518 So.2d 246 (Ala.Cr.App. 1987), in support of his argument. InReeves, this court remanded the cause to the circuit court for a hearing on the appellant's petition for writ of error coram nobis because the attorney general had noted that the denial was premature, as the State had not filed a response to the petition, pursuant to Rule 20.7 (a), Alabama Temporary Rules of Criminal Procedure. However, from the State's request for remand, we concluded that the petition must have been meritorious on its face.
 "When the State fails to file an answer or return denying the allegations of fact in a petition, then the facts as set out in the petition must be taken as true. Ex parte State (Re: Williams v. State), 461 So.2d 1339, 1340 (Ala. 1984) (Torbert, C.J., concurring specially); Hall v. State, 495 So.2d 717
(Ala.Cr.App. 1986). `[T]he unrefuted facts set out by the petitioner must be taken as true.' Ex parte Floyd, 457 So.2d 961, 962 (Ala. 1984). If the *Page 706 
allegations are true, the petitioner may be entitled to relief; he certainly is entitled to a hearing on the merits. Graves v. State, 496 So.2d 94
(Ala.Cr.App. 1985); Kennedy v. State, 409 So.2d 1010
(Ala.Cr.App. 1982); Ellison v. State, 406 So.2d 439
(Ala.Cr.App. 1981)."
Eason v. State, 499 So.2d 819, 819-20 (Ala.Cr.App. 1986).
In the present case, the appellant's claims do not entitle him to a hearing, as they are not meritorious on their face. The appellant's claim that his prior felony convictions were improperly used to enhance his sentence is an issue properly raised on appeal. Alexander v. State, 462 So.2d 955
(Ala.Cr.App. 1984). "The writ of error coram nobis does not provide a review by appeal where the complaining party has not sought an appeal and the time for an appeal has long since expired. Corley v. State, 397 So.2d 223 (Ala.Crim.App. 1981);Kilgore v. State, 342 So.2d 947 (Ala.Crim.App. 1977)."Alexander v. State, 462 So.2d 955, 958 (Ala.Cr.App. 1984).
The appellant's claim that his trial counsel was ineffective, in that he failed to investigate his prior convictions to determine whether they were properly admissible for enhancement purposes, and his claim of ineffectiveness, based on his counsel's failure to determine whether he was represented by counsel at the prior plea proceeding, are both meritless. The only inquiry required of counsel, with respect to prior convictions used for punishment enhancement, is whether the certified entry shows on its face that at the time of pleading guilty the defendant was represented by counsel. Brewer v.State, 497 So.2d 567, 570 (Ala.Cr.App. 1986). An appellant cannot use the habitual offender sentencing hearing to collaterally attack the legality of the previous felony convictions. Jones v. State, 431 So.2d 1367, 1372 (Ala.Cr.App. 1983).
Furthermore, the appellant has made no showing of his counsel's ineffectiveness for failing to determine whether he was represented by counsel at the prior plea proceeding, as required by Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant does not contend that he was not represented by counsel in the prior proceeding; he merely states that defense counsel should have investigated that question. Moreover, the trial judge, in his order denying the petition, found that the certified copy of the prior convictions showed on its face that the appellant was represented by counsel in all three proceedings. Thus, the petitioner has failed to show that "but for" his counsel's actions, the outcome of the proceeding would have been different. Strickland v. Washington, supra.
AFFIRMED.
All Judges concur.