COBB, Judge.
Robert L. McCray appeals the circuit court’s summary denial of his second Rule 32, Ala.R.Crim.P., petition for postconviction relief, which he styled as a “motion for correction of unauthorized sentence.” The petition challenged the sentence imposed as a result of McCray’s convictions in April 1992, for second-degree kidnapping and second-degree assault. McCray was sentenced as a habitual offender to 25 years’ imprisonment for the kidnapping conviction and to 10 years’ imprisonment for the assault conviction.[1] His convictions were affirmed on direct appeal. McCray v. State, 643 So.2d 610 (Ala.Cr.App.1992). In 1993, McCray filed a Rule 32, Ala.R.Crim. P., petition for postconviction relief, which the circuit court denied. We affirmed the circuit court’s decision by unpublished memorandum. McCray v. State, 658 So.2d 916 (Ala.Cr.App.1994) (table).
On April 29, 1999, McCray filed his “motion for correction of unauthorized sen-fence” with the circuit court, arguing that his sentence was illegal because, he said, it had been improperly enhanced, pursuant to the Alabama Habitual Felony Offender Act (the “HFOA”), by a Florida misdemeanor conviction pursuant to a plea of nolo contendere. The circuit court properly considered McCray’s motion as a second Rule 32 petition, under Rule 32.4, Ala. R.Crim.P. (“Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule.”) In denying relief, the circuit court held:
“This is the second time that the defendant has raised this issue. Defendant previously filed a Petition for Relief From Judgment Or Sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The court dismissed that petition and an appeal was taken to the Alabama Court of Criminal Appeals. The Court of Criminal Appeals affirmed the trial court’s dismissal by a memorandum opinion that was released on April 15, 1994. It is therefore the court’s opinion that the issues raised in the instant petition have been previously determined adversely to the defendant and consequently the petition is due to be denied.”
(C. 19.) This appeal follows.
In determining the history of this case, we have taken judicial notice of our own records pertaining to both the 1992 conviction and the Rule 32 petition filed in 1993. Hamm v. State, 439 So.2d 829 (Ala.Cr.App.1983). In reviewing the 1992 record, we have determined that, in enhancing McCray’s sentence pursuant to the HFOA, the trial court relied on a cer *396 tificate from a Florida circuit court that stated that on October 9, 1980, McCray entered a plea of guilty to a charge of “Obtaining Property in Return for Worthless Check,” case no. 77-674C, and was sentenced to four years’ probation, to be served consecutively with another case. The certificate indicated that McCray was represented by counsel when he entered that plea. The certificate did not cite the Florida statute he was charged with violating, and it did not describe the property obtained in return for the worthless check or the value of the property. Over McCray’s objection, the trial court decided that the offense in Alabama was akin to a felony theft offense rather than to a misdemeanor worthless-check offense, and it then used the conviction to enhance McCray’s sentence. The propriety of enhancing the sentence with the Florida conviction was not argued to this court on direct appeal.
In his 1993 Rule 32 petition, McCray argued that the enhanced sentence was “arbitrary, capricious, and retaliatory” because it had been enhanced with a Florida misdemeanor offense. The circuit court summarily dismissed that argument, holding that it was precluded from review because it was either addressed on direct appeal, or should have been addressed on direct appeal and was not. Rule 32.2(a)(4) and (5), Ala.R.Crim.P. However, the trial court held an evidentiary hearing on McCray’s claim of ineffective assistance of counsel, and allowed McCray to argue the illegality of his sentence at the hearing. The trial court denied McCray’s petition for relief, finding no ineffective assistance of McCray’s trial counsel. In affirming the trial court’s decision, this court addressed the illegality of the sentence in its unpublished memorandum:
“With regard to his claim of ineffective assistance of counsel, the appellant asserts that his sentence was improperly enhanced for habitual felony offender purposes by a prior Florida conviction for obtaining property in .return for a worthless check. The appellant claims that the Florida conviction was a misdemeanor.
“Although the amount of the worthless check is not shown, the appellant was sentenced to four years probation, to be served concurrently with another sentence. This indicates that the amount of the check was greater than $150.00, which by statute in Florida constitutes a first-degree felony punishable by up to five years in prison. See Fla. Stat. Annot. § 832.05(4)(c), § 775.082(3)(d), § 775.082(4)(a).
“In Alabama negotiating a worthless instrument is a class A misdemeanor and there is no dollar demarcation for separate degrees of culpability. Ala. Code 1975, § 13A-9-13.1. However, Alabama does not preclude a prosecution for theft of property when the passer of a worthless cheek receives property in return. Willis v. State, 480 So.2d 56 (Ala.Cr.App.1985). In Alabama, at the time appellant was indicted (Fall of 1988), convicted for the second time (April 13, 1992), and sentenced for the second time (May 21, 1992), theft of property greater than $100.00 constitutes a felony. See Rule 26.6(b)(3)(iv), A.R.Crim.P.
“Moreover, it was incumbent upon the appellant at his Rule 32 hearing to prove that his sentence was not authorized by statute. The appellant presented no facts to substantiate this assertion or to support his contention of ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).”
Now, for the first time before an Alabama court, McCray has appended docu *397 ments to his Rule 32 petition which, if true, indicate that the Florida worthless-check conviction was the equivalent of a misdemeanor conviction in Alabama. McCray submitted to the circuit court a copy of the Florida indictment, which charged him with obtaining property in exchange for a $100.00 worthless check. A photostatic copy of the check is appended to the indictment. The trial court in 1992 considered this offense to be the equivalent of a felony theft conviction in Alabama. However, in Alabama at the time the appellant was indicted, (fall 1988), convicted for the second time (April 13,1992), and sentenced for the second time (May 21, 1992), theft of property valued at $100 was a Class A misdemeanor offense. § 13A-8-5, Ala. Code 1975. See Rule 26.6(b)(3)(iv), A.R.Crim.P.[2]
On appeal, the State argues that McCray’s petition was time-barred under Rule 32.2(c), Ala.R.Crim.P., that it was precluded because it was raised on appeal or a previous collateral proceeding under Rule 32.2(a)(4), and that it was precluded as a successive petition under Rule 32.2(b), Ala.R.Crim.P.
This Court cannot affirm the denial of the petition on the basis that it is procedurally barred. The maximum sentence for a conviction of second-degree kidnapping, a Class B felony, would have been 20 years’ imprisonment. Thus, if the trial court incorrectly enhanced McCray’s sentence with a misdemeanor conviction, the trial court’s sentence of 25 years’ imprisonment for the kidnapping offense would be illegal. Although McCray was sentenced eight years ago, an allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void. Rogers v. State, 728 So.2d 690, 691 (Ala.Crim.App.1998). Because the circuit court summarily denied McCray’s petition without a response from the State, the State has not refuted McCray’s allegation and we must accept the averments in McCray’s petition as true. Glover v. State, 531 So.2d 705 (Ala.Crim.App.1988). Therefore, because McCray’s allegation, if true, entitles him to relief, the circuit court erred in summarily denying McCray’s claim as successive. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). McCray is entitled to a hearing to determine whether his sentence was properly enhanced pursuant to the Habitual Felony Offender Act.
Based on the foregoing, we are remanding this cause to the circuit court for further findings regarding McCray’s allegation that his sentence was improperly enhanced under the HFOA by the use of a misdemeanor conviction and, thus, that his sentence was illegal. If the circuit court determines that the sentence was improperly enhanced, the court is authorized to resentence McCray within the parameters of a Class B felony for the kidnapping offense. The return to remand shall contain a transcript of the proceedings and the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. The circuit court shall take all necessary action to *398 ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, BASCHAJB, and FRY, JJ., concur.

. This was the second trial in this case. McCray had previously been convicted of second-degree kidnapping and second-degree assault. He was sentenced to 15 years' imprisonment for the kidnapping and 10 years' imprisonment for the assault, the sentences to be served concurrently. This court reversed the convictions and remanded the case to the trial court for a new trial. McCray v. State, 565 So.2d 673 (Ala.Crim.App.1990).

. McCray also appended to his petition a document, dated April 6, 1977, from the Florida circuit court, which purports to show that in • 1977, McCray entered a nolo contendere plea to the offense of obtaining property in return for a worthless check, case no. 77-674, and that, in return, the Florida court withheld an adjudication of guilt and placed McCray on two years’ probation. It is this document McCray uses to bolster his argument that the conviction was a result of a nolo contendere plea. However, this document predates the Florida certificate before the Alabama trial court in 1992, which indicates that McCray was convicted in 1980 of the same offense as a result of his guilty plea.