The appellant, Andre Carter, filed a Rule 32, Ala.R.Crim.P., petition, attacking his 1996 conviction for first-degree robbery and his sentence of life imprisonment without parole. This Court affirmed his conviction and sentence by an unpublished memorandum, Carter v. State, (CR-95-1450, Jan. 17, 1997) 706 So.2d 863 (Ala.Crim.App. 1997) (table). In this, his third Rule 32 petition, Carter argues that the trial court improperly enhanced his sentence under the Habitual felony Offender Act ("HFOA") using a prior conviction in Pennsylvania that involved the theft of $74.24. He claimed that, because the amount of property involved in the theft was $74.24 and because he took the property from a mailbox, his conduct under Alabama law would have constituted third-degree theft of property, a misdemeanor. Without requiring a response from the State, the trial court summarily denied Carter's petition as successive.
With his Rule 32 petition, Carter included documents that, if true, indicate that his Pennsylvania conviction for theft by unlawful taking was the equivalent of a misdemeanor conviction under Alabama law. Section13A-8-5, Ala. Code 1975, provides:
 "(a) Except as provided in subsection (g) of Section 13A-8-4, the theft of property which does not exceed $250.00 in value and which is not taken from the person of another constitutes theft of property in the third degree.
 "(b) Theft of property in the third degree is a Class A misdemeanor." *Page 1041 
Carter's claim, if true, entitles him to relief. He was sentenced, as a habitual felony offender with three prior felony convictions, to life imprisonment without parole. The maximum sentence for a conviction of first-degree robbery, a Class A felony, with two prior felony convictions, is life imprisonment or imprisonment for a term of not less than 99 years. If the trial court improperly used a misdemeanor conviction to enhance Carter's sentence, his sentence of life imprisonment without parole is illegal. An illegal sentence may be challenged at any time. Rogers v. State, 728 So.2d 690 (Ala.Crim.App. 1998). As the trial court dismissed Carter's petition without requiring a response from the State, the allegations are unrefuted, and they must be accepted as true. Glover v. State, 531 So.2d 705 (Ala.Crim.App. 1988). Therefore, the trial court erred in summarily dismissing Carter's petition as successive, and Carter is entitled to a hearing to determine whether his sentence was properly enhanced. See McCray v. State,785 So.2d 394 (Ala.Crim.App. 2000).
Accordingly, this matter is remanded to the Jefferson Circuit Court for further findings regarding Carter's claim that his sentence was improperly enhanced under the HFOA by the use of a misdemeanor conviction and, consequently, that his sentence is illegal. If the trial court determines that Carter's sentence was incorrectly enhanced, that court is authorized to resentence Carter within the parameters of a conviction for a Class A felony with two prior felony convictions. The return to remand shall contain a transcript of any proceedings and specific findings of fact pursuant to Rule 32.9(d), Ala.R.Crim.P. Due return shall be made to this Court within 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
Cobb, Baschab, Shaw, and Wise, JJ., concur.
* Note from the reporter of decisions: On January 7, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.