JOINER, Judge.
Allen Little appeals his guilty-plea conviction for first-degree possession of marijuana, see § 13A-12-213, Ala.Code 1975. We affirm in part, reverse in part, and remand.
Little, along with 12 other individuals, was indicted as a result of federal-wiretap evidence obtained pursuant to a federal investigation of a group of individuals responsible for distributing large amounts of cocaine and marijuana in Montgomery County. Little, along with his codefen-dants, moved the trial court to suppress the wiretap evidence. In his motion, Little argued, in relevant part, as follows:
*313 “Little is entitled to suppression of that evidence because Alabama law does not permit such [federal-wiretap evidence]; because the constitutional and federal statutory requirements to obtain authorization to intercept electronic and wire communications include a showing that such interceptions are ‘necessary’ and that normal investigative procedures have failed, will fail, or are too dangerous were not met in this ease[;] and because the government agents who managed to procure authorizations from a federal court reviewing their applications for interception of communications failed to provide that court with a ‘full and complete’ statement of the investigative steps already undertaken. These deficiencies, independently and combined, require suppression of the intercepted communications.”
(C. 27-36.) Following a hearing, the trial court denied Little’s motion to suppress. (C. 243.) Pursuant to a plea agreement, Little pleaded guilty to the offense charged in the indictment — first-degree possession of marijuana. In accordance with his plea agreement, Little was sentenced to 20 years’ imprisonment — which was suspended — and 5 years’ probation. (R. 70.) Little reserved for appellate review the denial of his motion to suppress. (R. 71.)
On appeal, Little continues to argue that “evidence obtained from a federal wiretap is not admissible in an Alabama state court” and that “if evidence from a wiretap is ever admissible in an Alabama state court, it is not in this case because a wiretap was not shown to be necessary.” (Little’s brief, pp. 3 and 7.) While Little’s appeal was pending, however, this Court addressed and rejected nearly identical arguments raised by one of Little’s codefen-dants. See Cabble v. State, 114 So.3d 855 (Ala.Crim.App.2012). In Cabbie, this Court held that wiretap evidence is admissible in Aabama and, also, that the affidavits and orders with respect to the wiretaps — the same affidavits, orders, and wiretap evidence in question in this case— were sufficient. Cabble, 114 So.3d at 855. Accordingly, Little’s arguments are without merit, and his conviction is due to be affirmed.
Athough neither party addresses it, however, Little’s sentence is illegal. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003) (“Matters concerning unauthorized sentences are jurisdictional; therefore, we may take notice of an illegal sentence at any time.” (Quotations and citations omitted.)). Little[1] was sentenced in accordance with his plea agreement to 20 years’ imprisonment, which was suspended in its entirety. (R. 70.) The trial court, however, was without jurisdiction to impose such a sentence. See § 15-22-50, Ala.Code 1975 (“The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years.” (Emphasis added.)). Accordingly, this matter is remanded to the trial court for resentencing.[2] The trial court shall take *314 all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part and the case remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS*
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. Although it is not reflected on the sentencing order, Little was sentenced as an habitual felony offender with three prior felony convictions. (C. 253; R. 69.)

. We recognize that a defendant who is not sentenced in accordance with his plea agreement may be entitled to withdraw his guilty plea. Andrews v. State, 12 So.3d 728 (Ala.Crim.App.2009). Such a motion may be made pursuant to Rule 14, Ala. R.Crim. P., or may be raised for the first time in a timely filed petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. See generally Cantu v. State, 660 So.2d 1026, 1029 (Ala.1994) ("We hold that even though a defendant could file a motion under the provisions of *314 Rule 14 to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea.").

 Note from the reporter of decisions: On May 24, 2013, on return to remand, the Court of Criminal Appeals affirmed, without opinion.