WELCH, Judge.
On May 5, 2004, Cedric Taylor pleaded guilty to possession of cocaine, a violation of § 13A-12-212, Ala.Code 1975. He was sentenced to 18 years in prison, but he was placed on probation for 10 years. On September 1, 2012, Taylor was arrested for possession of drug paraphernalia. He was convicted of that charge in the Huntsville Municipal Court on March 18, 2013. Taylor’s probation officer filed a delinquency report alleging that Taylor had been convicted of a new offense, that he had failed to report, and that he had failed to pay supervision fees and other court-ordered moneys. The Madison Circuit Court held a revocation hearing and subsequently revoked Taylor’s probation. Taylor appeals from that revocation order. He argues that the circuit court failed to conduct an adequate colloquy in compliance with Rule 27.6(c), Ala. R.Crim. P., before it accepted his admissions of some of the alleged probation violations and that, therefore, the revocation order is insufficient.
We need not address either of Taylor’s claims because our review of the case reveals that Taylor’s original sentence was illegal. Despite the fact that Taylor did not raise this issue in the circuit court or on appeal, “[m]atters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Therefore, this Court may take notice of an illegal sentence at any time. Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).
Taylor was sentenced to 18 years’ imprisonment and was placed on probation. Section 15-22-50, Ala.Code 1975, states, in pertinent part:
“Circuit courts ... may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years.”
(Emphasis added.)
Therefore, the circuit court had no jurisdiction to impose the probationary part of Taylor’s sentence. See Little v. State, 129 So.3d 312, 313 (Ala.Crim.App.2012)(applying § 15-22-50, Ala.Code 1975, in similar circumstances and remanding the case to the trial court for resentencing).
This Court recently held that when a trial court imposes an illegal sentence involving probation and then purports to revoke a defendant’s probation, the court actually has no authority to revoke probation and its revocation order, therefore, has no effect. See Mewborn v. State, 129 So.3d 312 (Ala.Crim.App.2014), and cases cited therein.
This case must therefore be remanded to the circuit court for it to conduct a sentencing hearing and to resentence Taylor. To avoid a violation of Taylor’s rights under the Equal Protection Clause of the 14th Amendment to the United States Constitution, however, the circuit court may not impose a sentence greater than the original sentence of 18 years’ imprisonment. Mewborn, 170 So.3d at 712 at n. 1.
The record does not indicate whether Taylor’s guilty plea or sentence was the result of a plea bargain. “Therefore, it is impossible for this Court to determine whether resentencing [Taylor] will affect the voluntariness of his plea.” Austin v. State, 864 So.2d 1115, 1119 (Ala.Crim.App.2003). “ ‘If the [suspended] sentence was a term of [Taylor’s] “plea bargain,” and, if *972 he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.’ Enfinger [v. State ], 123 So.3d [535,] 539 [ (Ala.Crim.App.2012) ].” Mewborn, 170 So.3d at 712.
Accordingly, we reverse the purported revocation of Taylor’s probation, and we reverse the judgment of the trial court sentencing Taylor to 18 years in prison and purporting to suspend that sentence. We remand the cause to the circuit court for proceedings consistent with this opinion. In addition to resentencing Taylor, the circuit court may address any resulting issues regarding the voluntariness of Taylor’s plea.
■ The circuit court shall take all necessary action to ensure due return to this Court at the earliest possible time, but no later than 42 days after the release of this opinion. The return to remand shall include a detailed order and a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.*
KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., dissents, without opinion.

 Note form the reporter of decisions: On April 8, 2015, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.