JOINER, Judge.
Quinton Devon Mosley appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief. We affirm.

Facts and Procedural History

Mosley, pursuant to a negotiated agreement, pleaded guilty to two counts of second-degree sodomy, see § 13A-6-64(a)(l), Ala.Code 1975. On May 15, 2008, the circuit court sentenced Mosley, under the voluntary sentencing guidelines (“the guidelines”), to two concurrent sentences of 20 years’ imprisonment; the circuit court suspended those sentences and ordered Mosley to serve 5 years’ supervised probation.
On June 12, 2008, however, the circuit court revoked Mosley’s probation. On that same date, Mosley filed a “Motion to Withdraw his Guilty Plea,” arguing that the circuit court failed to follow the terms of the plea agreement; the circuit court denied the motion. Mosley appealed the circuit court’s decision to revoke his probation and separately appealed the circuit court’s decision to deny his motion to withdraw his guilty plea. This Court affirmed, by unpublished memorandum, the circuit court’s decision to revoke Mosley’s probation, see Mosley v. State (No. CR-07-1828, June 19, 2009), 51 So.3d 406 (Ala.Crim. App.2009) (table), and also affirmed, by unpublished memorandum, the circuit court’s decision to deny Mosley’s motion to withdraw his guilty plea, see Mosley v. State (No. CR-07-1808, June 19, 2009) 51 So.3d 406 (Ala.Crim.App.2009) (table).[1]
On December 18, 2012, Mosley filed a “motion to correct his sentence,” arguing that the circuit court “was without jurisdiction to impose a twenty-year sentence because the maximum sentence authorized by [§ ] 15-22-50[, Ala.Code 1975,] is fifteen years.” (C. 11.) The circuit court denied Mosley’s motion. Mosley then filed, in this Court, a petition for a writ of mandamus challenging the circuit court’s decision to deny his motion, arguing that his sentence was illegal and that the circuit court erred when it failed to correct his illegal sentence. In an unpublished order, this Court denied Mosley’s mandamus petition. We found that “ ‘Mosley’s non-prison sentences of twenty years were authorized by statute and thus complied with the Sentencing Guidelines,”’ and recognized that “Mosley may file a postconviction petition attacking the legality of his sentence[s].” We concluded that “Mosley cannot establish a clear legal right to the relief sought.” See Ex parte Mosley 168 So.3d 174 (Ala.Crim.App.2013) (table).
On December 6, 2013, Mosley filed the instant Rule 32 petition — his first. Al *1197 though he did not file the standard Rule 32 form found in the appendix to Rule 32, Mosley, through his counsel, filed a document entitled “Petition for Relief From Judgment Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.” (C. 10-14.) In his petition, Mosley, relying on this Court’s decision in Little v. State, 129 So.3d 312 (Ala.Crim.App.2012), alleged that his 20-year sentences were “unconstitutional, not authorized by law, and exceed[] the Court’s jurisdiction” because, he said, under § 15-22-50, Ala.Code 1975, the circuit court could not suspend his 20-year sentences.
On December 26, 2013, the State filed a motion to dismiss Mosley’s Rule 32 petition, arguing that Mosley’s claim is time-barred under Rule 32.2(c), Ala. R.Crim. P., and that Mosley’s claim is without merit.
On January 2, 2014, the circuit court issued a written order summarily dismissing Mosley’s Rule 32 petition pursuant to Rule 32.7(d), Ala. R.Crim. P. Mosley then filed a timely notice of appeal.

Standard of Review

“This Court will not reverse the circuit court’s order denying a Rule 32 petition absent an abuse of discretion. Grady v. State, 831 So.2d 646, 648 (Ala. Crim.App.2001). If the circuit court’s decision is correct for any reason, it will be affirmed. Id.” Hawk v. State, 171 So.3d 96, 98 (Ala.Crim.App.2014).

Discussion

On appeal, Mosley contends that ■ the circuit court erred when it summarily dismissed his petition because, he says, his suspended 20-year sentences are illegal. Specifically, Mosley argues that, although it complied with the guidelines to the extent that it ordered “non-prison” sentences,' the circuit'court erred when it imposed on Mosley sentence lengths of 20 years’ imprisonment because, he says, the circuit court’s “power to suspend a sentence is not derived from [the guidelines,] but rather from the' Constitution and § 15-22-50[, Ala.Code 1975].” (Mosley’s brief, p. 7.) Section 15-22-50 provides that circuit courts may not “suspend the execution of a sentence imposed upon any person who has been found guilty and whose punishment is .fixed at death or imprisonment in the penitentiary for more than 15 years.” [2] § 15-22-50, Ala.Code 1975.
Initially, we note that the allegation raised in Mosley’s Rule 32 petition — that his sentences are illegal because, he said, the circuit court could not suspend his 20-year sentences — is jurisdictional. See Scott v. State, 148 So.3d 458, 462 (Ala. Crim.App.2013) (“ ‘ “Matters concerning unauthorized ..sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala. Crim.App.1994)_’” (quoting Moore v. State, 40 So.3d 750, 753 (Ala.Crim.App. 2009))). This issue, however, was previously addressed by this Court in Mosley’s appeal from the circuit court’s denial of his motion to -withdraw his guilty plea.
In that appeal, Mosley argued that the circuit court erred when it denied his motion to withdraw his guilty plea because, he said, the circuit court failed to follow the negotiated plea agreement. Specifically, Mosley contended that “he agreed with the State that he would be sentenced pursuant to the [guidelines], and the circuit court violated that agreement when it sentenced him to, two suspended terms of twenty years which were, according to Mosley, above the sentences recommended *1198 by the guidelines.” (Emphasis added.) The resolution of Mosley’s argument in that appeal required this Court .to, determine whether, under the guidelines, the circuit court had the authority to suspend Mosley’s 20-year sentences;, this Court answered that question in the affirmative. Consequently, Mosley’s claim is precluded under Rule 32.2(a)(4), Ala. R.Crim. P.
Although we recognize that the State in its motion to dismiss Mosley’s Rule 32 petition did not specifically assert Rule 32.2(a)(4), Ala. R.Crim. P:, as a basis for summarily dismissing Mosley’s Rule 32 petition and that the circuit court did not specifically cite Rule ■ 32.2(a)(4), Ala. R.Crim. P., as its basis for summarily dismissing Mosley’s Rule 32 petition, under the circumstances of this casé, this Court is not prevented from applying Rule 32.2(a)(4) as a basis for affirming the circuit court’s decision. Cf. Ex parte Clemons, 55 So.3d 348 (Ala.2007) (holding that the preclusion grounds in Rule 32.2(a), Ala. R.Crim. P., can be waived by the State and that, only in extraordinary circumstances, can an appellate court sua sponte apply a preclusion ground that has been waived). This Court has' recognized that “[t]he opinion in Ex parte Clemons appears to be grounded in due-process principles,” which “requires that a petitioner be given notice of that preclusion ground.” A.G. v. State, 989 So.2d 1167, 1179 (Ala.Crim.App.2007) (emphasis added). Here, Mosley was, in fact, given notice that this claim had been previously addressed by this Court.-
Specifically, the State in its motion to dismiss Mosley’s Rule 32 petition alleged, in part:
“At the same time [Mosley] was revoked from his probation in June 2008, he filed a ‘Motion to Withdraw Guilty Plea.’ The Court denied that motion and [Mosley] appealed to the Alabama Court of Criminal Appeals. In affirming this Court’s judgment, the Court of Criminal Appeals said in its memorandum, ‘when a suspended sentence is imposed in .accordance with the first worksheet, the length of the suspended sentence conforms to the sentencing guidelines if it is authorized by law, i.e., authorized by statute or the second sentencing guideline worksheet.’ As the Court of Criminal Appeals coneluded[, Mosley] was sentenced pursuant to the sentencing guidelines worksheets and not the Split Sentencing Act. Since [Mosley] was convicted of class B felonies with a statutory range of [2] to [20] years, his non prison sentence complied with the statute and the guidelines. Based upon the fact that [Mosley] was sentenced pursuant to the sentencing guidelines and not the Suspended Sentence Act, his sentence was legal and his claim is due to be denied.
“If [Mosley’s] sentence was an illegal one, the Alabama Court of Criminal Appeals would certainly have remanded the case for resentencing when it addressed Petitioner’s 2008 appeal.”
(C. 33-34; internal citations omitted; emphasis added.) Thus, although not expressly citing Rule 32.2(a)(4), the State clearly argued that Mosley’s claim had been previously addressed in Mosley’s appeal from the denial of his motion to withdraw his guilty plea.
Additionally, although it did not expressly cite Rule 32.2(a)(4) in its order summarily dismissing Mosley’s petition, the circuit court clearly relied on this Court’s decision in Mosley’s appeal from the denial of his motion to withdraw his guilty plea as a basis for dismissing Mosley’s Rule 32 petition. Specifically,-, as set out above, the circuit court found:
“In June of 2009, the Alabama Court of Criminal Appeals affirmed this *1199 Court’s ruling and [Mosley’s] sentence in [an unpublished] Memorandum....
“This Court was of the opinion on ■ January 31, 2013, and it is still of the same opinion that [Mosley’s] original sentence was a legal sentence, when applying the analysis of the Alabama Court of Criminal Appeals’s 2009 [unpublished] Memorandum.... The Court of Criminal Appeals went into ... detail to explain how [Mosley’s] sentence pursuant to the sentencing guideline worksheets .was legal. This Court is of the opinion that if it had exceeded its jurisdiction and sentenced [Mosley] illegally, the appellate court would have remanded the case without question. It did not.”
(C. 53; emphasis added.)
Mosley, in his initial.brief on appeal, also quotes a portion of this Court’s unpublished memorandum affirming the circuit court’s denial of his motion to withdraw his guilty plea. (Mosley’s brief, p. 6 n. 2.)
Furthermore, the State, in its brief on appeal, again asserts that Mosley’s • claim has been previously raised and addressed on appeal, a claim that Mosley, in his reply brief, specifically addresses and dismisses as “unpersuasive” because, he says, “£j]u-risdictional sentencing error has been found by the appellate courts in postcon-viction review, even where the sentence was initially reviewed and affirmed on direct appeal.” (Mosley’s reply brief,-p. 2.) To support his “unpersuasive” argument, Mosley cites this Court’s decisions in Mosley v. State, 986 So.2d 476 (Ala.Crim.App. 2007), Browning v. State, 901 So.2d 757 (Ala.Crim.App.2004), Henderson v. State, 895 So.2d 364 (Ala.Crim.App.2004), Carter v. State, 853 So.2d 1040 (Ala.Crim.App. 2002), Casey v. State, 852 So.2d 185 (Ala. Crim.App.2002), and McCray v. State, 785 So.2d 394 (Ala.Crim.App.2000).
Although those cases involve petitioners receiving postconviction relief on an-illegal-sentence claim after their cases had been affirmed on direct appeal, those petitioners were granted relief on claims involving sentencing issues that had not been previously addressed on direct appeal. Consequently, those cases are distinguishable from Mosley’s case because,- as stated above, Mosley’s Rule 32 claim was, addressed in a previous appeal. (Mosley’s reply brief, p. 2.) Thus, Mosley .was “given notice” of the existence of that ground of preclusion and ¡the due-rprocess concerns discussed in Ex parte Clemons are not implicated in this case.
Because no due-process concerns are implicated here, we conclude that we may affirm the circuit court’s summary dismissal of Mosley’s claim as precluded under Rule 32.2(a)(4), because it has been previously raised and addressed on appeal, even though it was not the specific reason stated by the circuit court for dismissing Mosley’s claim.[3]
Regardless, even if. Mosley’s claim was not precluded under Rule 32.2(a)(4), the circuit .court correctly - dismissed Mosley’s claim because Mosley’s claim is without merit. As set out above, Mosley argues that a "circuit court, when -sentencing an offender under the guidelines, cannot suspend a 20-year sentence. Mosley’s argument is based on his contention that a circuit court’s authority to suspend a sentence is derived only from § 15-22-50, Ala. Code 1975 — not from the guidelines.
*1200 To address Mosley’s argument we must construe both § 15-22-50, Ala.Code 1975, and § 12-25-34.1, Ala.Code 1975, the latter of which is the legislative act that “approved for implementation” the “initial voluntary sentencing standards [i.e., the guidelines] and the accompanying worksheets and instructions.”
“In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there. Ex parte Moore, 880 So.2d 1131, 1140 (Ala.2003) (‘ “ ‘The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.’ ” ’) (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala.2003), quoting in turn Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996)). This Court in DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala. 1998), explained:
“ ‘In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“““Words used in a statute must be given their natural,- plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” ’
“729 So.2d at 275-76 (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), additional citations omitted). See also 729 So.2d at 276 (explaining that the separation-of-powers doctrine requires a court to use the plain-meaning rule in construing a statute and that ‘only if there is no rational way to interpret the words as stated will [a court] look beyond those words to determine legislative intent’).”
Ex parte McCormick, 932 So.2d 124, 132 (Ala.2005).
Addressing a circuit court’s authority to suspend a sentence, the Alabama Supreme Court explained in State v. Green, 436 So.2d 803, 805 (Ala.1983):
“Historically, neither the courts nor the legislature had the authority to suspend sentences and grant probation. Montgomery v. State, 231 Ala. 1, 163 So. 365 (1935). In this state, Amendment 38 of the Constitution of 1901 empowered the legislature to ‘authorize the courts having criminal jurisdiction to suspend sentence • and to order probation.’ Thus the power to exercise proba- • tionary authority requires -legislative sanction. That sanction presently is found in Code of 1975, § 15-22-50, , which, after granting the authority, states further:
“ ‘[T]he court, after a plea of guilty, after the returning of a verdict of guilty by the jury or after the entry of a judgment of guilty by the court, may suspend execution of sentence and place the defendant on probation, or may impose a fine within the limits fixed by law and also place the defendant on probation.’. (Emphasis added-.)”
When the Alabama Supreme Court decided Green, § 15-22-50, Ala.Code 1975, prohibited circuit courts from suspending “the execution of [a] sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for.more than ten years.” Act,No. 1205, § 10-101, Ala. Acts 1975. Section 15-22-50, however, was last amended in 1985 to *1201 give circuit courts the authority to suspend 15-year sentences. See Act No. 85-905, Alabama Acts 1985.
Applying the plain-meaning rule to § 15-22-50, Mosley correctly contends that § 15-22-50 clearly prohibits circuit courts from suspending sentences that are in excess of 15 years. This interpretation of § 15-22-50 is consistent with this Court’s holdings in cases in which a circuit court has suspended a sentence in excess of 15 years’ imprisonment that was imposed under either § 13A-5-6, Ala.Code 1975, or the Habitual Felony Offender Act, § 18A-5-9, Ala.Code 1975 (“the HFOA”). See, e.g., Mewborn v. State, 170 So.3d 709, 710 (Ala.Crim.App.2014) (holding that § 15-22-50 prohibited the circuit court from suspending Mewborn’s 20-year sentence imposed under the HFOA); Scott v. State, 148 So.3d 458, 462 (Ala.Crim.App. 2013) (holding that, under § 15-22-50, the circuit court had no authority to suspend Scott’s 20-year sentence); and Little v. State, 129 So.3d 312, 313-14 (Ala.Crim. App.2012) (holding that, under § 15-22-50, the circuit court had no authority to suspend a 20-year sentence imposed pursuant to the HFOA).
Section 15-22-50, Ala.Code 1975, is not, however, the only statute authorizing a circuit court to suspend a sentence. For example, the Alabama Supreme Court, in Ex parte McCormick, 932 So.2d 124 (Ala. 2005), addressed three petitions for a writ of mandamus challenging a circuit court’s authority to suspend the minimum terms of confinement imposed on 20-year sentences that had been “split” pursuant to the Split-Sentence Act, see § 15-18-8, Ala. Code 1975. In McCormick, the Alabama Supreme Court concluded that this Court
“erred in holding that the legislative history of the [Split-Sentence] Act and the fact that the [Split-Sentence] Act was inconsistent with § 15-22-50, Ala.Code 1975, require a departure from the plain language of § 15-18-8(c). Instead, it is rational to interpret the grant of authority in § 15-18-8(c) to trial courts ‘to suspend that portion of the minimum sentence that remains [under § 15-18-8(a) ] and place the defendant on probation’ as including the authority to suspend the 3-year minimum term of confinement required by § 15-18-8(a)(l) for sentences of more than 15 years but not more than 20 years. This interpretation is rational because, as Judge Shaw noted in his dissent in [State v. ]Pickett, [911 So.2d 755 (Ala.Crim.App.2005),]
“ ‘the plain language of § 15-18-8 indicates that the legislature intended to vest a trial court with-the discretion to evaluate the progress of a convicted defendant, whether pursuant to an ordinary split sentence or a “reverse split”18 sentence, so as to provide trial courts with greater flexibility in sentencing and as a step toward alleviating the unnecessary overcrowding of our prisons.’
“[State v. ]Pickett, 911 So.2d at 761 (Shaw, J., dissenting) (footnote omitted). «
“18In a ‘reverse split’ sentence, the sentencing court orders a defendant to serve the probationary period of the split sentence first, with the period of incarceration to follow.”
932 So.2d at 139. In other words, the Alabama Supreme Court held that, the legislature, in enacting the Split-Sentence Act, .granted circuit courts the authority to suspend “split” sentences “of more than 15 years but not more than 20 years,” even though such a suspension is in conflict with the mandates of § 15-22-50, Ala.Code 1975.[4]
*1202 Because a circuit court’s authority to suspend sentences may exist outside § 15-22-50, Ala.Code 1975, we must determine whether circuit courts have, in fact, been granted the authority by the legislature to suspend sentences under the guidelines, and, if so,, whether.that authority allows circuit courts to suspend sentences that are in excess of 15 years.
In 2000, the legislature “created within the judicial branch” the Alabama Sentencing Commission (“the Commission”), see § 12-25-1; Ala. Code 1975, to “review existing sentence structure, including laws,.policies, and practices, and to determine and recommend to the Legislature and Supreme Court changes regarding the criminal code, criminal procedures, and other aspects of-sentencing policies and practices appropriate for the state.” § 12-25-2, Ala. Code 1975. -The legislature mandated that the Commission’s recommendations, in part:
“(1) Secure the public safety of the state by providing a swift and sure response to the commission of crime,
“(2) Establish an effective, fair, and efficient sentencing’ system for Alabama adult and juvenile criminal offenders which provides certainty in sentencing, maintains. judicial discretion and sufficient flexibility to permit individualized . sentencing as warranted by mitigating - . or aggravating factors, and avoids unwarranted sentencing disparities among defendants with like criminal records who have been found guilty of similar criminal conduct. Where there is disparity, it should be rational and not related, for example, to geography, race, or judicial assignment.
“(3) Promote truth in sentencing, in order that a party involved in a criminal case and the criminal justice process is aware of the nature and length of the ' sentence and its basis.
“(4) Prevent prison overcrowding and the premature release of prisoners.
“(5) Provide judges with flexibility in sentencing, options and meaningful discretion in the imposition of sentences.
“■(6) Enhance the availability and use of a wider array of sentencing options in appropriate cases.”
§ 12-25-2(a), Ala.Code 1975 (emphasis added).
The legislature, in 2003, enacted the Alabama Sentencing Reform Act of 2003, see § 12-25-30, Ala.Code 1975, in which the legislature directed the Commission to
“develop and present the initial volun- ■ tary sentencing standards to the Legislature before or during the 2006 Regular Session. These standards shall be introduced in the 2006 Regular Session and shall become effective on October 1 following the 2006 Regular Session, if approved by an act of the Legislature passed during that session. The initial voluntary sentencing standards based on sentences imposed shall apply to convictions for felony offenses sentenced op or *1203 after October 1, 2006, and committed before the effective date of the voluntary truth-in-sentencing standards.”
§ 12-25-34(a)(3), Ala.Code 1975.
The Commission complied with the directives of the legislature and, on September 30, 2005, proposed the initial voluntary-sentencing standards. In 2006, the legislature “approved for implementation” the “initial voluntary sentencing standards and the accompanying worksheets and instructions.”[5] § 12-25-34.1, Ala.Code 1975 (emphasis added). •
The “accompanying worksheets' and instructions” to the guidelines, which, as explained above, were expressly adopted by the legislature in § 12-15-34.1, Ala.Code 1975, clearly explain that the guidelines cover three categories of - offenses — drug offenses, property offenses, and personal offenses — and that each category requires the completion of two separate worksheets — the “In/Out Worksheet” and the “Prison Sentence Length Worksheet.”
The instructions also explain that “[t]o comply with the sentencing standards, the sentence imposed must be imposed according. to the Instructions in th[e]' manual,” Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 24 (emphasis added), and that
“[c]ompliance .,. occurs when the sentence conforms to the recommendation on the In/Out Worksheet and,

((

“where non-prison is recommended,the total suspended sentence length conforms to either the recommended sentence range on the Prison Sentence Length Worksheet or any other sentence length authorized by law.
“In other words, where the In/Out . Worksheet recommendation is non-prison, the total suspended^ sentence need ■not conform to the prison sentence length recommendation. The length of probation terms authorized by law is not affected by the Voluntary Sentencing Standards.”
Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 28 (emphasis added).
Applying the plain-meaning rule to the guidelines and the accompanying instructions, when imposing a sentence under the guidelines circuit courts must engage in, at least, a two-step process.First, under the “in/out” worksheet, circuit courts must determine whether the recommendation is a “prison” recommendation— meaning that the defendant will be serving his sentence in a facility operated by the Department of Corrections — or whether it is a “non-prison” recommendation — meaning that the defendant will not be serving his sentence in a facility operated by the Department of Corrections. If the worksheet provides a “non-prison” recommendation, the circuit court must either suspend the entirety of that sentence and place the defendant on probation, or sentence the defendant to community corree-’ tions as a condition of probation, or sentence the defendant to “a term in the county jail” or work release or any other “non-prison alternative.”[6] See Alabama Sentencing Commission Initial Voluntary Sentencing-Standards & Worksheets 27-28 (explaining that “Compliance with the *1204 [guidelines] occurs when the sentence conforms to the recommendation on the In/ Out Worksheet”). See also Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 35, 60, and 95 (instructing circuit courts as to the appropriate “non-prison” options for a recommended “non-prison” disposition).
Second, after determining the “in/out” recommendation, circuit courts must determine the appropriate sentence length. According to the clear language of the instructions, if there is a “prison” recommendation “the prison sentence must be chosen from within the recommended range” on the prison-sentence-length worksheet, Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 27. That sentence range, however, cannot “be less than the statutory sentences specified in [§ ] 13A-5-6(a)(l)-(3), provided, however, the minimum sentence may still be ‘split’ pursuant to [§ ] 15-18-8.” Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 27-28. If there is a “non-prison” recommendation, as is the case here, circuit courts are given greater discretion as to the imposed sentence length. Specifically, circuit courts may either follow the recommended sentence length on the sentence-length worksheet[7] or impose “any other sentence length authorized by law.” In other words, as the instructions explain, “where the In/Out Worksheet recommendation is non-prison, the total suspended sentence need not conform to the prison sentence length recommendation.” Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 28.
Mosley contends that, when a “non-prison” recommendation is made, the phrase “any other sentence length authorized by law” limits a circuit court’s authority to suspending only those “total suspended sentence length[s]” that also comply with the limitation on suspending sentences in § 15-22-50, Ala.Code 1975. Mosley’s argument, however, requires this Court to read that phrase as limiting the circuit court to imposing “any other [total suspended] sentence length authorized by law.” In other words, Mosley would have this Court read that phrase in a manner that would require this Court to insert words to place a limitation on circuit courts the legislature did not intend. In addition to adding words the legislature did not approve, reading that phrase as Mosley suggests would limit a circuit court’s sentencing discretion in a manner inconsistent with the legislature’s stated intention that circuit courts have greater “flexibility in sentencing options and meaningful discretion in the imposition of sentences” and have “a wider array of sentencing options in appropriate cases.” § 12-25-2(a)(5)~(6), Ala.Code 1975.
If the legislature had intended to limit a circuit court’s authority to imposing either the recommended sentence length or “any other [total suspended] sentence length authorized by law” — which would incorporate the limitations of § 15-22-50 — it certainly could have done so. Indeed, the legislature did, in fact, place other clear limitations on a circuit court’s sentencing authority under the guidelines. Specifically, under the guidelines, circuit courts are prohibited from imposing sentence lengths under the HFOA or imposing other sentence enhancements under § 13A-5- *1205 6(a)(4) and (6), as well as 13A-5-6(d), because those enhancements are already factored into the worksheets. Additionally, the legislature specifically limited a circuit court’s authority to impose only those probationary terms that comply with § 15-22-54(a). See Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 28 (“The length of probation terms authorized by law is not affected by the [guidelines].”). Although the legislature clearly limited a circuit court’s sentencing authority under the guidelines in some respects, the legislature did not expressly or implicitly choose to limit the circuit court’s authority to impose only those suspended sentence lengths that comply with § 15-22-50.
In fact, as explained above, the instructions to the guidelines explain that when “non-prison” is the recommendation the circuit court must comply with that recommendation and may suspend whatever sentence is imposed without any instruction to impose a certain sentence length under the sentence-length worksheet. In other words, the in/out worksheet expressly grants circuit courts the authority to suspend sentences imposed under the guidelines, and that authority is not limited by the prison-sentence-length worksheet.
Additionally, the context in which the instruction “any other sentence length authorized by law” is used clearly demonstrates that the instruction places no limitation on a circuit court’s authority to suspend a sentence. Specifically, that phrase is used only in the context of instructing circuit courts as to what sentence length they can impose under the prison-sentence-length worksheet. Section 15-22-50 does not govern a circuit court’s authority to impose a certain sentence length; rather, it operates only to give circuit courts the authority to suspend a sentence that does not exceed 15 years. Under, the guidelines, however, because a circuit court is required to comply with the “rion-prison” recommendation regardless of the sentence length that is ultimately imposed, the phrase “any other sentence length authorized by law” cannot encompass the limitations expressed in §■ 15-22-50.
Because the phrase “any other sentence length authorized by law” instructs circuit courts only as to the length of sentence that a circuit court may impose when it seeks to .impose a sentence outside the recommended sentencing range, that phrase necessarily means that a circuit court may impose any sentence authorized under § 13A-5-6(a)(l)-(3), Ala.Code 1975,[8] regardless of whether that sentence length could be suspended under § 15-22-50, Ala. Code 1975.
Although we recognize that our reading of the guidelines and instructions allows circuit courts to suspend sentences in excess of 15 years’ imprisonment and that such a reading is in conflict with § 15-22-50,
“to the extent that [the guidelines] conflict ] with § 15-22-50, [the guidelines] prevail[] because [they are] the more recent expression of the legislature’s will. Middleton[ v. General Water Works & Electric Corporation,] 25 Ala. App. [455,] 456, 149 So. [351,] 352 *1206 [ (1933) ] (‘The well-settled principle is • that the last expression of the legislative will is the law in case' of conflicting .provisions of the statute on the same subject, and the last enacted in-point.of time prevails.’). See also Williams v. State ex rel. Schwarz, 197 Ala. 40, 54, 72 So. 330, 336 (1916). As noted, § 15-22-50 was most recently amended in 1985. [The guidelines were adopted by the Legislature in 2006.] Thus, to the extent that [the guidelines] could be said to conflict with § 15-22-50, § 15-22-50 would have to yield to the more recently enacted [guidelines]. Middleton, 25 Ala. App. at 456, 149 So. at 352.”’
Ex parte McCormick, 932 So.2d at 138-39 (footnote omitted).
Moreover, our interpretation of the guidelines and accompanying instructions is 'rational given the legislature’s expressed intent in adopting the guidelines and accompanying worksheets. Specifically, ■ our interpretation is consistent with the legislature’s desire to “[p]revent prison overcrowding and the premature release of prisoners”; it “[p]rovide[s] judges with flexibility in sentencing options and meaningful discretion in .the imposition .of sentences”; and it “[e]nhance[s] the availability and , use of a wider array of sentencing options in appropriate cases.” § 12-25-2(a)(4)-(6), Ala.Code 1975. Cf. Ex parte McCormick, 932 So.2d at 139 (finding that the interpretation of §15-18-8 was “rational” because the interpretation was consistent with the legislature’s intent as expressed in the plain language of the statute).
In this case, the in/out worksheet indicated that Mosley should receive a non-prison sentence and the prison-sentence-length worksheet recommended' a sentence “with the top range of sixty months.” (C. 18,42.) Although the circuit court complied with the non-prison recommendation on the in/out worksheet, it did not follow the sentence-length recommendation; instead, the circuit court imposed a sentence length of 20 years’ imprisonment and ordered Mosley to serve 5 years’ probation. Because Mosley was convicted of two Class B felonies, which carry statutory sentencing ranges of “not less than two (2) years and not more than twenty (20) years imprisonment,” Mosley’s sentences of 20 years were “authorized by law.” See § 13A-5-6(a)(2), Ala.Code 1975'. Consequently, the circuit court did not err when it summarily dismissed Mosley’s Rule 32 petition.
Based on the foregoing reasons, the judgment of the circuit court is affirmed.
affirmed;
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJi, concur.'

. This Court takes judicial notice of the records filed with this Court in Mosley's previous appeals. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992); Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App.1987).

. Mosley, in his reply brief, contends that this is an issue of first impression. (Mosley’s reply brief, p. 1.)

. Mosley, in his initial brief on appeal, also argues that the circuit court erred in summarily dismissing his claim as time-barred under Rule 32.2(c), Ala. R.Crim. P. (Mosley’s brief, p. 12.) The circuit court, however, did . not conclude that Mosley’s petition was time-barred; ' rather, the circuit court concluded that Mosldy’s “claim regarding his sentence is ■without merit.” (C. 54.)

. Notably, the Split-Sentence Act also allows . the circuit court to impose sentences that would, under other statutory sentencing schemes, be illegal. For example,' under § 15-22-54(a), Ala.Code 1975, circuit courts do not have the authority in felony cases to impose terms of probation that exceed five years; the Split-Sentence Act, however, allows circuit courts to impose probationary terms that exceed five years. See, e.g., Hatcher v. State, 547 So.2d 905, 906 (Ala.Crim.App. 1989) ("It is clear to this Court that the legislature, in enacting the-provisions of -§ 15 — 18— 8, intended to provide that a defendant could be sentenced to mandatory confinement for a period not exceeding three years, after which the defendant would-be placed on probation for the remainder of his sentence, even if- that sentence were 15 years.”).

. The only limitation the legislature placed on the adoption of the guidelines was that the guidelines "shall not apply to any sex offense involving a victim under the age of 12, see § 12-15-34.1, Ala.Code 1975 -a limitation not applicable in this case.

. Although circuit courts are given an array of options when sentencing under a "non-prison” recommendation, in this case, the circuit court chose to suspend the entirety of ■ Mosley’s sentence,

. The instructions for the prison-sentence-length worksheet explain that sentence-length recommendation “may ... be used as a guide when the recommendation is non-prison so long as other laws regarding limits on the length of probation are followed.” Alabama Sentencing Commission Initial Voluntary Sentencing Standards & Worksheets 37, 62, and 97.

. Because the recommended sentence length on the sentence-length worksheet "[i]n-clude[s] the historical application of Alabama's statutory sentence enhancements and mandatory minimums, except the sentences of life without parole and the new child sexual offender laws,” Alabama Sentencing Com.mission Initial Voluntary Sentencing Standards & Worksheets 22, Ae phrase "any oAer sentence length auAorized by law” necessarily excludes a sentence length under Ae HFOA and Ae mandatory minimum sentence lengths in § 13A-5-ó(a)(4) and (5) as well as § 13A-5-6(d).